DENT v. FORD MOTOR CO.

1. WORKMEN'S COMPENSATION — PLACE OF ACCIDENT — RAILROAD TRACK SERVING EMPLOYER'S PLANT.

Evidence that railroad track upon which employee slipped and injured himself, served employer's plant *held*, insufficient to sustain award of compensation to employee where injury took place in the street five feet from exit after he had started for home, notwithstanding ownership of track may have been in defendant.

2. SAME—OUT OF AND IN COURSE OF EMPLOYMENT.

To justify award of compensation, accidental injury to an employee must have arisen ''out of'' as well as ''in the course of'' employment, the former term referring to the cause or source of an accident and subject to different test than latter term relating to time, place and circumstances.

3. SAME—GOING TO AND FROM PLACE OF EMPLOYMENT.

In order to establish exception to general rule that accidents to an employee in going to and leaving place of employment are noncompensable, there must be such a causal relation between the accident and the time and place thereof as to be an incident to the employment in order to bring the same within one arising not only out of the employment but as well in the course of the employment.

4. Same — Accident Near Employer's Premises on Railroad Track in Street.

Employee, injured after starting home from work on railroad track in street five feet from employer's exit gate *held*, not to have suffered a compensable injury since employee was then master of his own movements upon the street and encountered there a risk incident to any user of the street.

Appeal from Department of Labor and Industry. Submitted January 22, 1936. (Docket No. 130, Calendar No. 38,359.) Decided March 2, 1936.

Herbert Dent presented his claim against Ford Motor Company for compensation for accidental injuries sustained while in defendant's employ. Award to plaintiff. Defendant appeals. Reversed.

*Gloster, Giller & Briggs,* for plaintiff.

*E. C. Starkey* and *F. A. Nolan,* for defendant.

WIEST, J. The pivotal question in this case is whether plaintiff suffered an injury arising out of and in the course of his employment. He was employed in defendant's power house and, October 15, 1929, having finished work for the day, checked out and started for his home, leaving defendant's premises by way of a gate opening on a public street and, while in the street, a few feet from the gate, in crossing a railroad track, slipped on one of the rails and was injured.

A deputy commissioner found: "no accident which arose out of and in the course of employment." Upon appeal the department found to the contrary and an award of compensation was made. Review is by defendant.

The railroad track upon which he slipped entered defendant's premises near the gate, through which

he passed to the street, for he testified that after he went out of the gate he slipped on the rail at a point about five feet from the gate and two or three feet from the fence. He was then on his way to cut right across Miller road, upon which he then was, and hit Dix road from the opposite side.

Cases on the subject, in other jurisdictions, with their varying facts, are of little help.

The department found that the accident happened on the property of defendant, evidently basing that finding on the testimony of plaintiff that the track served defendant's plant. Something more than that was necessary to warrant the finding made. The ownership of the track may or may not have been in defendant. Under the evidence the department could not go beyond a finding that the accident happened on a public street, as plaintiff, after leaving the premises of his employer, was crossing the railroad track which entered defendant's premises.

In *Hopkins* v. *Michigan Sugar Co.*, 184 Mich. 87 (L. R. A. 1916 A, 310), we pointed out two separate questions to be determined by different tests in order to find that an injury arose out of as well as in the course of employment, as follows:

" 'Out of' points to the cause or source of the accident, while 'in the course of' relates to time, place, and circumstances."

Was plaintiff, by reason of his employment and exit from defendant's premises, subjected to a peril in the street different in kind from that of any other user of the street?

In *Morey* v. *City of Battle Creek*, 229 Mich. 650 (38 A. L. R. 1039), this court applied the general rule excluding from the compensation law accidents to an employee in going to and leaving the place of em-

ployment. There are exceptions to this general rule but, to constitute an exception, there must be such a causal relation between the accident and the time and place thereof as to be an incident of the employment in order to bring the same within one arising not only out of the employment but as well in the course of the employment.

Defendant was not master, in any sense, of plaintiff's movements upon the public street.

We note the tendency of some decisions in other jurisdictions to extend the terms, ''arising out of'' and ''in the course of employment,'' to accidents happening on the way to and from work, but we are not prepared to depart from our previous holdings and adopt the theory that the employment created the necessity of going to and returning from the place of employment and such necessity was the cause or occasion of the employee meeting with an accident on a public street.

Plaintiff had ended his work for the day, had checked out, entered the street, was master of his own movements upon the street and encountered there a risk incident to any user of the street.

Plaintiff did not suffer an injury arising out of and in the course of his employment, and was not entitled to compensation. *Hills* v. *Blair,* 182 Mich. 20 (7 N. C. C. A. 409); *Guastelo* v. *Railroad Co.,* 194 Mich. 382 (L. R. A. 1917 D, 69); *Lipinski* v. *Sutton Sales Co.,* 220 Mich. 647; *Reed* v. *Bliss & Van Auken Lumber Co.,* 225 Mich. 164; *Stocker* v. *Southfield Co.,* 244 Mich. 13.

The award is vacated, with costs to defendant.

North, C. J., and Fead, Butzel, Bushnell, Edward M. Sharpe, Potter, and Toy, JJ., concurred.