LEMANSKI *v.* FRIMBERGER COMPANY

WORKMEN'S COMPENSATION—APPEAL AND ERROR—FINDINGS OF FACT
—SCOPE OF REVIEW.
> The findings of fact of the Workmen's Compensation Appeal
> Board are binding on appeal where there is evidence in the
> record to support them.

Appeal from the Workmen's Compensation Appeal Board. Submitted Division 3 February 3, 1971, at Lansing. (Docket No. 9844.) Decided February 26, 1971.

Robert W. Lemanski presented his claim for workmen's compensation against the Frimberger Company and the United States Fidelity and Guaranty Company. Award to plaintiff. Defendants appeal. Affirmed.

*Cicinelli, Mossner, Majoros, Harrigan & Alexander,* for plaintiff.

*Smith & Brooker* (by *A. T. Lippert*), for defendants.

Before: QUINN, P. J., and McGREGOR and O'HARA,* JJ.

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

REFERENCE FOR POINTS IN HEADNOTE
58 Am Jur, Workmen's Compensation § 530.

Per Curiam.   Plaintiff, a journeyman sheet metal worker and a resident of Saginaw, was severely injured in an automobile collision on his way to a job site in Mount Pleasant.   He was permanently and totally disabled due to paralysis of two limbs and brain damage.   Under his employment contract, plaintiff had been paid for travel to and from the job site, 60 miles from Saginaw, at a rate of ten cents per mile.

The workmen's compensation hearing referee found that plaintiff had suffered a compensable injury during the course of his employment; defendants appealed and the appeal board affirmed stating:

"Defendants' position is that this is merely a going to and from work situation and therefore excluded from coverage.   This board does not agree. The payment of mileage pursuant to agreement is obviously intended to cover a special situation entailing more than a mere trip between home and shop and is a recognition that this employment has placed demands outside the ordinary on plaintiff in order to fulfill the requirements of his job for defendant, that highway travel is a necessary and routine part of the work assigned."

The questions raised by defendants on appeal are:

"Was the plaintiff in the course of his employment at the time he received a personal injury?

"Did the plaintiff receive a personal injury arising out of his employment?"

These questions do not properly state the factors which control our decision.   Proximate causality is a question for the fact finder, *Scroggins* v. *Corning Glass Company* (1969), 382 Mich 628.   Fact findings by the Workmen's Compensation Appeal Board,

supported by proof, are binding on this Court, *Johnson* v. *Vibradamp Corporation* (1968), 381 Mich 388. There is proof in this record supporting the appeal board's finding that plaintiff's injuries arose out of and in the course of his employment.

Affirmed with costs to plaintiff.