STARK v L. E. MYERS COMPANY

1. WORKMEN'S COMPENSATION—COMPENSABLE INJURY—TRAVEL TO
   WORK—PAID TRANSPORTATION—WORKING HOURS—SPECIAL BEN-
   EFIT—EXCESSIVE RISKS.

   Injuries sustained while going to and from work are compensable
   where a sufficient nexus exists between the employment and
   the injury so that the injury was a circumstance of the employ-
   ment; the relevant considerations for a determination of
   whether an injury on the way to work is compensable are:
   whether the employer paid for or furnished employee transpor-
   tation; whether the injury occurred during or between working
   hours; whether the employer derived a special benefit from the
   employee's activities at the time of the injury; and whether the
   employment subjected the employee to excessive exposure to
   traffic risks.

2. WORKMEN'S COMPENSATION—COMPENSABLE INJURY—TRAVEL TO
   WORK—70-MILE TRIP.

   A construction worker who made a daily trip to work of 70 miles
   and who could not maintain a residence closer to work because
   the location of the work changed as the construction project
   progressed was not entitled to compensation for injuries sus-
   tained in an automobile accident on the way to work where the
   injury did not occur during working hours, the employer did
   not reimburse the workers for transportation expenses, the
   employer derived no special benefit from the worker's activity
   of driving to work, and the travel to work did not expose the
   worker to excessive risks.

Appeal from the Workmen's Compensation Ap-
peal Board. Submitted Division 1 December 10,
1974, at Detroit. (Docket No. 18559.) Decided Feb-
ruary 11, 1975. Leave to appeal applied for.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 58 Am Jur, Workmen's Compensation § 217 et seq.

Claim by Milton Stark against L. E. Myers Company and Aetna Casualty & Surety Company for workmen's compensation. Award of compensation reversed by the Workmen's Compensation Appeal Board. Application for leave to appeal denied. The Supreme Court remanded to the Court of Appeals for consideration as on leave granted. Affirmed.

*Kelman, Loria, Downing, Schneider & Simpson* (by *Jerome W. Kelman* and *Robert W. Howes*), for plaintiff.

*Stalburg, Bean, Milia & Curran,* for defendants.

Before: BRONSON, P. J., and McGREGOR and CARLAND,* JJ.

CARLAND, J. The appellant filed a claim under the Workmen's Compensation Act, MCLA 418.101 *et seq.;* MSA 17.237(101) *et seq.,* for injuries incurred in an automobile accident while traveling upon the highway and while on his way to his place of employment.

The facts under which this claim arises are not in dispute. In December of 1968, the defendant was in the process of constructing an electrical transmission line across southeastern Michigan. A field office at which the employees reported for work and checked out at night was maintained near the point where the actual construction was under way. As the project progressed, the field office was moved from time to time so that it was always in the vicinity of the work being performed. The employees therefore followed the field office and as a result, it was impractical, if not impossible, for them to maintain residences at or

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

near the location of the office. Therefore the employees were required to drive to and from their homes and the distances to be driven varied from time to time depending upon the location of their home in relation to the location of the field office.

The plaintiff was hired by the defendant as a laborer around the middle of December 1968 at a time when the field office was located near the City of Brighton, some 70 miles distant from his home in Mount Clemens. In order to reach his work, the plaintiff entered into an arrangement with two fellow employees whereby each provided the necessary transportation every third day. The distance to be traveled each day in going to and returning from work was approximately 140 miles.

None of the employees including the plaintiff were paid any mileage or reimbursed in any way by the defendant for the expense of travel. All tools and working equipment were furnished by the defendant and were turned in to the defendant at the end of each day.

After working about two weeks and while a passenger in a car being driven by a fellow employee, the plaintiff was seriously injured in an accident which occurred December 26, 1968 while on the way to work. The accident occurred some 45 miles from the work site at Brighton.

After hearing, the administrative-law judge granted plaintiff's claim for compensation stating:

"In defendant's employment the job site fluctuates with regularity. There is no such thing as living near or in the vicinity of your work. Unusual and excessive travel in getting to and from work is therefore a built-in condition of employment. For that reason I find that plaintiff's injury arose out of and in the course of his employment."

On appeal, a majority of the Workmen's Compensation Appeal Board reversed the judge upon the following finding:

"The journey was not part of plaintiff's services, he went to the field site, picked up a truck, and went about his work. At the end of his shift, he left the truck at the field site and returned to his home. He provided his own transportation and was not compensated for same by his employer. How plaintiff or any employee reached his work station or returned home from his work station was of no benefit to the employer.

"The possible change of work stations several times a year is of no consequence in the determination of this case. We see no obligation on the part of the employer to place the work station adjacent to or within the immediate vicinity of each employee's residence, thereby creating a parity among employees in regard to street hazards going to and coming from work."

Application for leave to appeal was denied by this Court on December 21, 1973. On April 18, 1974, the Supreme Court on its own motion, pursuant to GCR 1963, 853.2(4), remanded the cause to us "for consideration as on leave granted".[1]

We are therefore under the undisputed facts faced with the issue of whether this employee who was seriously injured while on his way to work suffered an injury that "arose out of" and "in the course of" his employment.

It is the general well-settled rule in Michigan that injuries sustained while going to and from work are not compensable. *Thomas v Certified Refrigeration Inc,* 392 Mich 623; 221 NW2d 378 (1974); *Dent v Ford Motor Co,* 275 Mich 39; 265 NW 518 (1936). This general rule however has been repeatedly riddled with exceptions to the extent that it seems to have become an exception

[1] 391 Mich 813 (1974).

to the exceptions. From this consequent erosion of the general rule, it would appear that there is arising through evolution a new rule which compensates where "there is a sufficient nexus between the employment and the injury" so that it may be said that the injury "was a circumstance of the employment". *Thomas, supra,* pp 632–635; *Nemeth v Michigan Building Components,* 390 Mich 734; 213 NW2d 144 (1973); *Howard v Detroit,* 377 Mich 102; 139 NW2d 677 (1966).

Considerations relevant to the ultimate determination of whether an injury to an employee while on the way to work is sufficiently employment-related to be compensable are:

1. Whether employer paid for or furnished employee transportation, *Chrysler v Blue Arrow Transport Lines,* 295 Mich 606; 295 NW 331 (1940); *Lemanski v Frimberger Co,* 31 Mich App 285; 187 NW2d 498 (1971).

2. Whether the injury occurred during or between working hours, *Wilhelm v Angell, Wilhelm & Shreve,* 252 Mich 648; 234 NW 433 (1931); *Howard v Detroit, supra.*

3. Whether the employer derived a special benefit from the employee's activities at the time of the injury, *Nemeth, supra.*

4. Whether the employment subjected the employee to excessive exposure to traffic risks, *Chrysler, supra,* and *Dent, supra.*

In the instant case the plaintiff may not recover under either of the first two considerations or exceptions. It is undisputed that plaintiff's injury did not occur during the scheduled working hours nor did defendant pay or reimburse him for any transportation expense to and from the place of employment.

It is likewise difficult to discern whereby the

employer derived any special benefit from the fact that plaintiff was in the process of driving to work. If any benefits were so derived, it was not a special benefit to the employer but a benefit common to all employers. The time has long since passed when most employees live in such close proximity to the place of employment that transportation in one form or another is not a necessity. Today, with few exceptions, employees live not only in different neighborhoods but also in different communities than that in which the place of employment is located. The concentration of urban population throughout the industrialized area of our state and nation is a fact of which we may take judicial notice. It is an economic fact and social fact of modern day living. Almost without exception employees drive or are driven to work over distances great or small. At the time that work begins by an employee then do benefits arise in favor of the employer. It does not follow that because employees are an integral part of industry that benefits are conferred while the employee is going to or from work. We are constrained to hold that the fact of travel to and from work by the plaintiff in this case resulted in no benefit to the employer upon which compensation may be based.

Was the plaintiff exposed to excessive risks because the nature and the location of his work required a daily round trip of 140 miles? All travel entails certain risks as do all other activities of life. Mere miles traveled, standing alone, should never be the controlling fact in establishing the existence of excessive risk. Many employees drive in excess of the miles driven by the plaintiff. A journey of 140 miles over less congested highways may be far less of a hazard than a much shorter journey from a congested area to some suburban

haven. We are unable to find on the record that plaintiff was exposed to excessive risks through the travel here involved.

It is undisputed that the plaintiff was injured while on the way to his place of employment but we are unable to find under the decisions of our Supreme Court "a sufficient nexus between the employment and the injury". Since under the facts of this case we are unable to bring the plaintiff's claim within any enunciated exception to the general rule "an injury sustained while going to and from work is not compensable" *(Thomas* and *Dent, supra),* we affirm. If the rule is to be changed, it must come as the result either of legislative action or through the decisions of the Supreme Court.

Affirmed.