FORGACH v GEORGE KOCH & SONS COMPANY

Docket No. 95390. Submitted January 12, 1988, at Detroit. Decided March 8, 1988.

George Forgach, an employee of George Koch & Sons Company, was injured in an automobile accident while on the way to work. Pursuant to a union contract, at the time of the injury Forgach was being paid a travel allowance computed on a zone formula. Forgach sought workers' compensation benefits. The hearing officer and Workers' Compensation Appeal Board held that the injury did not arise out of and in the course of employment. Forgach appealed by leave granted.

The Court of Appeals *held:*

1. The wcab should not be reversed for mentioning an unpublished opinion of the Court of Appeals. The board's opinion made clear that the board did not reach its conclusion based solely on the unpublished opinion.

2. A zone-based travel allowance paid to an employee pursuant to a contract is not alone sufficient for finding the required nexus between the employment and the injury. Considerations relevant to the determination of whether an injury to an employee while on the way to work is sufficiently work-related to be compensable are (1) whether the employer paid for or furnished the employee transportation, (2) whether the injury occurred during or between working hours, (3) whether the employer derived a special benefit from the employee's activities at the time of the injury, and (4) whether the employment subjected the employee to excessive exposure to traffic risks. The wcab's finding was proper.

Affirmed.

1. Cᴏᴜʀᴛs — Uɴᴘᴜʙʟɪsʜᴇᴅ Oᴘɪɴɪᴏɴs — Pʀᴇᴄᴇᴅᴇɴᴛ.

Unpublished opinions of the Court of Appeals are of no precedential value; trial courts are not bound by them.

Rᴇғᴇʀᴇɴᴄᴇs

Am Jur 2d, Courts § 71; Workmen's Compensation §§ 240 *et seq.*
See the annotations in the Index to Annotations under Worker's Compensation.

2. WORKERS' COMPENSATION — EMPLOYEE EN ROUTE TO WORK —
    WORK-RELATED INJURY — ZONE-BASED TRAVEL ALLOWANCES.
    Considerations relevant to the determination of whether an in-
        jury to an employee while on the way to work is sufficiently
        work-related to be compensable are (1) whether the employer
        paid for or furnished the employee transportation, (2) whether
        the injury occurred during or between working hours, (3) whether
        whether the employer derived a special benefit from the em-
        ployee's activities at the time of the injury, and (4) whether the
        employment subjected the employee to excessive exposure to
        traffic risks; a zone-based travel allowance paid pursuant to a
        contract is not alone sufficient for finding the injury compensa-
        ble.

*Plunkett, Cooney, Rutt, Watters, Stanczyk &
Pedersen* (by *A. T. Iverson, Jr.*), for plaintiff.

*Nystrom, Nystrom & Hitchcock* (by *Marsha M.
Woods*), for defendants.

Before: J. H. GILLIS, P.J., and WEAVER and G. S.
ALLEN,* JJ.

G. S. ALLEN, J. In this matter on leave granted
from an August 25, 1986, opinion and order of the
Workers' Compensation Appeal Board, we are
asked to determine whether a flat per diem travel
stipend, computed on a zone basis and paid pursu-
ant to a union contract, *in and of itself determines*
that an employee injury, occurring while return-
ing en route from work to home, arises "out of and
in the course of employment." The hearing referee
and Workers' Compensation Appeal Board held
that it did not. We affirm. The issue raised is of
first impression in Michigan.

Plaintiff, born July 10, 1924, is a journeyman
sheet metal mechanic with thirty years experience
in all phases of sheet metal work. Customarily, he
obtained jobs through his union, Local 80 of the

* Former Court of Appeals judge, sitting on the Court of Appeals by
assignment.

Sheet Metal Workers International Association. In the Spring of 1978, Local 80 received a request for more sheet metal workers from another union local, Local 292, since Local 292 did not have sufficient workers to fill a job for defendant, George Koch & Sons Company, at the General Motors Hydramatic Plant at Willow Run in Ypsilanti. Pursuant to this request, plaintiff was employed by defendant at the Willow Run job site.

Under the terms of the collective bargaining agreement between Local 292 and George Koch & Sons Company, plaintiff was paid an hourly wage plus $2.50 per day for travel. Travel was not based on actual distance traveled but was based on zone mileage, calculated using the Detroit City Hall as the starting point. The first thirty miles from the starting point were a free zone, for no mileage was paid. After that, the mileage rate increased by zone, according to the distance from the starting point. The GM Hydramatic Plant fell in the $2.50 per day zone.

Plaintiff's home was in St. Clair Shores and it was from there that he proceeded to the job site through a car pool arrangement. He would drive his own car to a nearby designated spot at Twelve Mile and I-94 where he would meet with three fellow employees. Each employee took turns driving his own car to the job site and was not paid by the others for gas. This arrangement had been going on since the job commenced some two months previous to the date of the accident.

On June 6, 1978, plaintiff rode to the job site as a passenger in the car pool. After working the scheduled shift, the four employees started back home on I-94. At a point approximately twenty-three miles from the job site (Livernois and I-94), the car in which plaintiff was riding was sideswiped, struck the guardrail, rolled over and

caught on fire. Plaintiff sustained serious injuries to his left arm, resulting in six major operations and making it impossible for him to resume his job as a skilled sheet metal mechanic.

At the hearing before the referee, plaintiff testified that he was performing no special service to his employer on that date, that he did not receive an hourly rate of pay for travel to and from work and that he was not paid per actual miles traveled. However, ten separate weekly pay checks to plaintiff in amounts ranging from $5 to $17.50, each designated "Travel Pay," were introduced into evidence. No medical testimony was presented since the parties agreed this would not be offered until the threshold question of whether plaintiff was in the scope of his employment was resolved.

On April 9, 1981, the hearing referee ruled that no benefits were payable:

> Plaintiff's injuries did not arise out of, nor occur in the course of his employment. It is significant that the transportation or "travel expense" was a sum based on a zone and paid pursuant to, or as prescribed by a union contract and was thus in the nature of a fixed additional expense to the defendant and not a "travel expense" provided to compensate for an additional or unusual risk of injury. Consequently, the case of *Lemanski v Frimberger Co* [31 Mich App 285; 187 NW2d 498 (1971)] appears inapplicable to support plaintiff's position and, in addition, the facts herein do not satisfy those requirements to satisfy compensability as prescribed in the case of *Stark v L E Meyers Co* [58 Mich App 439; 228 NW2d 411 (1973), lv den 394 Mich 814 (1975)].

Plaintiff appealed to the Worker's Compensation Appeal Board, arguing, inter alia, that in *Collier v J A Fredman Inc,* 1983 WCABO 790, a flat rate travel allowance of $4.50 per diem based upon the

distance between the union hall and the job site was held by the WCAB to be grounds for finding that plaintiff's injury on the way home from an assigned seminar arose out of plaintiff's employment. On August 25, 1986, the WCAB issued its opinion affirming the finding of the hearing referee.

The WCAB opinion states the general rule that injuries sustained by an employee going to or returning from work are noncompensable, but notes the rule has been "riddled with exceptions," one of which is whether the employer paid for or furnished employee transportation, citing *Stark v L E Myers Co,* 58 Mich App 439; 228 NW2d 411 (1973), lv den 394 Mich 814 (1975). The WCAB then noted that its decision in *Collier, supra,* was reversed and remanded to the board in an unpublished opinion of the Court of Appeals (*Collier v J A Fredman, Inc,* Docket No. 74262, dated April 26, 1985); the *Collier* Court, relying on 1 Larson, Workman's Compensation, 16.30, pp 4-180 to 4-181 and *Stark, supra,* concluded that a flat rate travel allowance is not *in itself* sufficient grounds to find that the employee is within the scope of his employment. Instead, three additional factors, viz: (1) whether the injury occurred during or between working hours; (2) whether the employer derived a "special benefit" from the employee's activities at the time of the injury; or (3) whether the employment subjected the employee to "excessive exposure to traffic risks," should be considered before concluding that the employee is or is not within the scope of employment at the time of the injury. The WCAB opinion summarized as follows:

> Adopting the premise of *Collier, supra,* that no one factor is in and of itself determinative, we decide from the total record whether the added

travel stipend, when considered with these other factors, constituted "a substantial part" of the service performed, per *Larsen, supra,* so as to create the required nexus.

Plaintiff testified that he was called from another union hall to work for defendant under a similar or identical zone mileage agreement as his own local's. However, no showing was made that this solicitation from another local, that also allowed payment of zone mileage based on the same radius standards as plaintiff's, provided any special benefit to defendant through inducing plaintiff into its employment. . . .

The evidence did not show that plaintiff's route to and from defendant's job site exposed him to any excessive risk not borne by the regular traveller, or that his injury had resulted from such a risk. He was not shown to be on any special mission or engaged in any dual purpose employment through carrying some of his tools with him in the car, per *Bush* [*v Parmenter, Forsythe, Rude & Dethmers,* 413 Mich 444, 452; 320 NW2d 858 (1982)]. No suggestion was offered anywhere that his injury occurred during or between working hours. Nor was there any evidence that the car pooling was arranged by one of defendant's foremen or provided in a company vehicle, as in *Torres v Armond Cassil Co,* 115 Mich App 690 [321 NW2d 776] (1982), where such evidence was the basis for finding that a sufficient employment nexus existed.

Given the failure of the instant record to clarify whether any of the other factors beyond a flat travel stipend could have provided a sufficient nexus between plaintiff's employment and his injury, we conclude that plaintiff has failed to bear his evidentiary burden of proving that his injury arose out of and in the course of his employment. *Aquilina v General Motors Corp,* 403 Mich 206 [267 NW2d 923] (1978). *Stark, Bush, Collier, supra.* [186 WCABO 657, 659-660.]

On appeal plaintiff submits two grounds for

reversal: (I) that the WCAB relied on an unpublished opinion of the Court of Appeals, as a result of which its decision should be reversed, and (II) because plaintiff's employer paid plaintiff for travel to and from the work place, plaintiff was in the course of his employment at the time of injury.

I

It is undisputed that an unpublished opinion of the Court of Appeals has no precedential value, should not be cited, and that trial courts and administrative tribunals are not "bound" by decisions without precedential value. *Stine v Continental Casualty Co,* 419 Mich 89, 95; 349 NW2d 127 (1984); *Moultrie v DAIIE,* 123 Mich App 403; 333 NW2d 298 (1983). However, in the brief submitted on appeal to the WCAB, plaintiff argued that the board's earlier opinion in *Collier* "is exactly on point with the case at bar, and the same result must be reached." The board can hardly be faulted for stating in its subsequent opinion that the Court of Appeals had reversed the board and had ordered a four-factor consideration. More importantly, it is clear from the opinion itself that the board did not reach its conclusion solely on the basis of *Collier.* Instead, it was Larson's commentary and the four-factor formula in *Stark, supra,* which the WCAB found persuasive enough to "adopt the premise of *Collier* that no one factor is in and of itself determinative." Accordingly, we decline to reverse simply because an unpublished opinion was mentioned.

II

Plaintiff contends that whenever a sum designated travel is paid, whether it be on a per mile

basis or a zone basis, and regardless of whether it is measured by actual miles driven or by miles computed from an otherwise designated spot, and regardless of whether it pays the actual costs of travel, an employee injured going to or returning from work is per se in the course of employment at the time of the injury. In such instances, plaintiff argues, it is only necessary to prove the initial factor, whether the employer paid for or furnished employee transportation. In support of this claim plaintiff relies on *Lemanski v Frimberger,* 31 Mich App 285; 187 NW2d 498 (1971); *Torres v Armond Cassil Co,* 115 Mich App 690; 321 NW2d 776 (1982), lv den 417 Mich 899 (1983), and decisions of the Supreme Court of Montana.[1]

Plaintiff reads the Michigan cases too broadly. In *Lemanski,* the plaintiff was paid ten cents per mile for the actual number of miles driven. In *Torres,* the injured employee did not drive his own car nor was he paid mileage. Instead, he was transported to and from work in an employer-owned truck driven by the employer's foreman. Neither decision involved a situation where, as here, the sum designated as travel pay was not reimbursement for actual expenses and was not computed on the basis of miles actually driven.

This Court, commencing with *Stark v L E Meyers Co,* 58 Mich App 439, 443; 228 NW2d 411 (1973), has consistently held:

> [T]here is arising through evolution a new rule which compensates where 'there is sufficient nexus between the employment and the injury so that it may be said that the injury "was a circumstance of the employment". . . .
> Considerations relevant to the ultimate determination of whether an injury to an employee while

---

[1] *Ellingston v Crick Co,* 166 Mont 431; 533 P2d 1100 (1975).

on the way to work is sufficiently employment related to be compensable are:

1. Whether employer paid for or furnished employee transportation. . . .

2. Whether the injury occurred during or between working hours. . . .

3. Whether the employer derived a special benefit from the employee's activities at the time of the injury. . . .

4. Whether the employment subjected the employee to excessive exposure to traffic risks.

*Pappas v Sport Service, Inc,* 68 Mich App 423, 426; 243 NW2d 10 (1976), lv den 397 Mich 825 (1976); *Torres, supra,* pp 694-695; *Hicks v General Motors Corp,* 66 Mich App 38, 42; 238 NW2d 194 (1975), lv den 396 Mich 838 (1976); *Stover v Midwest Tank & Fabrication Co, Inc,* 87 Mich App 452, 458-459; 275 NW2d 15 (1978), lv den 406 Mich 926 (1979). Under this analysis, no one factor in and of itself necessarily determines that plaintiff establish all four factors in plaintiff's favor; it is only necessary that the WCAB or reviewing authority look to all four factors before deciding whether the requisite was proven.

*Pappas, supra,* is illustrative of the described methodology. When first employed, plaintiff, a cook at the Hazel Park race track and living only five minutes from the track, was paid $165 per week plus overtime averaging $25 per week. When the racing season closed, defendant asked plaintiff to work at Northville Downs some twenty-five miles distant. When plaintiff expressed reluctance to make the fifty-mile round trip without some increase in salary, a new salary of $225 per week was negotiated. While no part of the new salary was specifically designated as travel pay, testimony clearly indicated that the increase was at least partially attributable to the increased driving

distance. While returning from work late one night plaintiff fell asleep at the wheel and was severely injured. His claim for workers' compensation was denied by the WCAB. On appeal, this Court first rejected *Lemanski* as controlling because the increase plaintiff received was not paid on a per mileage basis. Employing the four-factor analysis, the Court next concluded that the extra money paid Pappas was basically extra additional compensation necessary to attract Pappas' services rather than compensation for travel expenses.

Similarly, in the instant case the WCAB, after looking at all four factors, concluded that the $2.50 stipend which plaintiff received pursuant to a union contract was more in the nature of added compensation than payment for travel expenses actually incurred, and, therefore, plaintiff was not within the scope of his employment when injured. Determinations of whether employee injuries arise in the course of employment are legal conclusions involving a question of law and, as such, are subject to appellate review. *Torres, supra,* pp 693-694; *Howard v Detroit,* 377 Mich 102, 105-106; 139 NW2d 677 (1966). Accordingly, the controlling issue before us is whether the WCAB erred in concluding that upon the record before it the $2.50 flat travel stipend was so indirectly connected with the actual travel expense incurred, it was added compensation for the job rather than travel pay, and hence, in the absence of plaintiff's ability to establish any of the remaining three factors, plaintiff had failed to establish a nexus between his injury and his employment. On this issue we agree with the WCAB.

The zone radial mileage formula did not pay plaintiff's actual travel expenses. In fact, the formula had no relationship to the distance an employee traveled. An employee living near Willow

Run would receive the same $2.50 per day as did plaintiff and his fellow passengers who resided in St. Clair Shores. Indeed, the point from which travel distance was computed (the Detroit City Hall) bore no relationship to plaintiff's home. For travel to be held a part of employment, the reimbursement must involve a *substantial* payment of the actual travel expense. *Larson, supra, Chicot Memorial Hospital v Veazey,* 9 Ark App 18; 652 SW2d 631 (1983). The distance between plaintiff's home and the site of the accident computed along I-94 was approximately fifteen miles; the distance between the accident site and job site was twenty-three miles. Thus, on the day of the accident plaintiff had traveled sixty-one miles for which he was compensated 4.1 cents per mile. This is hardly a *substantial* reimbursement and bears so little relationship to actual expense it amounts to additional compensation rather than being a special arrangement for travel expense.

Accordingly, we find no error in the WCAB's conclusion that as to factor 1, an insufficient employment nexus was established. As to the remaining factors, as noted earlier, no showing was made that the zone radius mileage induced plaintiff to take the job or provided plaintiff's employer any "special benefit". No testimony was offered that plaintiff was exposed to greater traffic risks than the thousands of other motorists traveling on I-94.

Except in Montana,[2] other states have denied benefits in situations similar to the instant case. In *Peer v Workmen's Compensation App Bd,* 94 Pa Common 540; 503 A2d 1096 (1986), plaintiff was

---

[2] See footnote 1. The Montana Supreme Court, rejecting the rule of the majority of jurisdictions that the sum paid as travel must be "substantial," held that "[w]hen transportation is thus singled out in the employment contract, [no matter how small or how computed] the travel to and from work is brought with the course of employment." [166 Mont 434.]

injured while commuting thirty-five miles to work. Under a collective bargaining agreement with his employer, he received a transportation allowance based not on the distance from his residence but upon the distance from the Pittsburgh City Hall to his place of employment. On appeal, plaintiff made the same claim as does plaintiff in the instant case, viz: that the car fare payment *in and of itself* placed the travel within the scope of employment. Using the Larson four-factor formula, the court rejected the argument saying in relevant part:

> Although the Board recognized that the collective bargaining agreement between Employer and Claimant's union provided for a travel allowance, the Board properly rejected the referee's legal conclusion that such an agreement, in and of itself, places Claimant's travels to and from work within the course of his employment. As the record shows, the agreement specified that car fare was to be paid to union members according to a formula which utilized the distance between an employee's place of employment and the City Hall of Pittsburgh, without consideration as to the actual distance union members would travel from their homes to their place of employment. Although this provision of the agreement provided extra compensation to union members, it neither required Employer to provide transportation, nor did it allow Employer to exercise control over the means of transportation chosen by individual employees. Moreover, the allowance did not further the business of Employer. Accordingly, the Board correctly determined that the agreement did not bring Claimant's transportation to and from work within the scope of his employment. [94 Pa Common 544-545.]

In *Brooks v Industrial Comm of Arizona,* 136 Ariz App 146; 664 P2d 690 (1983), plaintiff received $6 per day for travel to the nuclear power project

some fifty miles from Phoenix. Payment was made pursuant to a union contract negotiated between the union and the employer in order to attract workers to the distant job site. Plaintiff, injured while going to work, argued that the $6 travel payment took him out of the usual going and coming rule. The court rejected the argument, stating:

> Turning to the case at hand, the administrative law judge found that even if the respondent had furnished transportation to its employees, the benefits accruing to Bechtel must be for some particular benefit, such as where the employee is required to work extra hours, or where he is on twenty-four hour call. . . . The record establishes that neither Bechtel nor the unions desired overtime work at the job site. The mere fact that the $6.00 per diem rate was a bargained for benefit to respondents, therefore, does not invoke a recognized exception to the going and coming rule. [136 Ariz 151.]

So too, in *Mitchell v Pleasant Hill General Hospital, Inc,* 491 So 2d 183 (La App, 1986), a practical nurse was given $8 per day travel allowance to drive the twenty-eight miles between her home and the hospital. On one of her trips home she was involved in an automobile accident. Looking at all the circumstances the court held that the $8 payment was not travel payment but

> was in reality a salary supplement. The amount paid was greatly insufficient to cover the actual costs of her transportation. 28 miles each way, or a total of 56 miles per day, at $8.00 per day would amount to 14.28 cents per mile, far less than what would be necessary to cover the costs of gasoline, maintenance, insurance, etc. Additionally, the evidence reflects that some of plaintiff's co-employees receive the same $8.00 per day travel allowance

irrespective of the various distances they lived from the place of employment. [441 So 2d 185.]

In summation, we do not hold or imply that all travel allowances which are computed on a zone basis and are paid pursuant to a union contract are in the nature of work remuneration rather than payment for travel. We recognize that there well may be instances when a zone-based formula bears so substantial a relation to the distance traveled and to the actual costs incurred that *when considered together with the other factors* found in *Stark, supra,* it could properly justify a finding that the employee was in the scope of his employment at the time of his injury. In the absence of that relationship we hold that zone computed travel allowances paid pursuant to a union contract are not *in and of themselves* sufficient to find the requisite nexus between employment and injury. As was so aptly stated in *Ricciardi v Aniero Concrete Co, Inc,* 64 NJ 60; 312 A2d 139 (1973), where the sum paid in travel expense was only forty percent of the total travel involved:

> We conclude, after study of all the cases, that the rationale of the exception to the going and coming rule under discussion can be sustained only in those situations where, if the employee travels by car, the employer reimburses him for *all or substantially all* of the total expense involved. *Anything less would border so closely upon the noncompensable area where the arrangement is really part of the work-remuneration rather than provision for transportation as to render the rule impracticable of judicial administration and of but ephemeral foundation in any significant* nexus *between the journey and the employment.* [64 NJ 62-63. Emphasis added.]

Affirmed.