THOMASON v CONTOUR FABRICATORS, INC

Docket No. 241035. Submitted December 4, 2002, at Lansing. Decided January 17, 2003, at 9:05 A.M. Leave to appeal sought.

A worker's compensation magistrate awarded Patricia Thomason an open award of benefits from Contour Fabricators, Inc., her employer, after she sustained a disabling nerve injury when blood was drawn from her arm during a medical examination at her place of employment. The examination was required for Thomason to receive additional life insurance benefits. Contour and its insurers appealed to the Worker's Compensation Appellate Commission. The commission reversed the award of benefits, determining that the activity in which Thomason sustained her injury did not benefit the employer and the injury therefore did not arise out of her employment. Following orders of the Court of Appeals denying Thomason leave to appeal and reconsideration, the Supreme Court, in lieu of granting leave to appeal, remanded the matter to the Court of Appeals for consideration as on leave granted. 466 Mich 852 (2002).

The Court of Appeals held:

1. The decision of the commission was based on erroneous legal reasoning and must be reversed. The matter must be remanded for reinstatement of the benefits awarded by the magistrate.

2. The presumption contained in MCL 418.301(3) that an injury occurring on the employer's premises is presumed to be incurred in the course of employment was not overcome under the facts of this case. There is no requirement that the activity on the employer's premises that results in the injury be of benefit to the employer.

3. The commission erred under the facts of this case in finding that the injury did not arise out of the employee's employment and that the employer received no benefit from the activity that caused the injury.

Reversed and remanded.

Worker's Compensation — Course of Employment — Medical Examinations for Life Insurance Benefits.

Receiving remuneration is part of the duties an employee owes an employer; additional life insurance benefits given to an employee by the employer at no cost to the employee are part of the remuneration for employment; accordingly, injury sustained by an employee in the course of a medical examination conducted at the place of employment as part of the requirements for receiving additional life insurance benefits is injury that occurs in the course of employment (MCL 418.301[3]).

*Hurlburt, Tsiros, Allweil & Perez, P.C.* (by *John T. Tsiros*), for the plaintiff.

*Humphrey, Hannon, Moriarity & Schoener, P.C.* (by *Timothy P. Moriarity* and *Denise L. Clemmons*), for Contour Fabricators, Inc., and St. Paul Property & Casualty Insurance Company.

Before: NEFF, P.J., and HOEKSTRA and O'CONNELL, JJ.

NEFF, P.J. This case is before us on remand from the Supreme Court for consideration as on leave granted.[1] Plaintiff appeals the decision of the Worker's Compensation Appellate Commission reversing the magistrate's open award of benefits. We reverse and reinstate the magistrate's award.

I

Plaintiff sustained a disabling nerve injury when blood was drawn from her arm during a medical examination at her place of employment. The examination was required for plaintiff to receive additional life insurance benefits. The magistrate found that

---

[1] *Thomason v Contour Fabricators*, 466 Mich 852 (2002). The Supreme Court remand order followed orders of this Court denying leave to appeal and reconsideration entered August 23, 2001, and October 5, 2001, respectively (Docket No. 234858).

plaintiff was credible; the medical testimony established that she suffered from reflex sympathetic dystrophy and that plaintiff suffered a disabling injury arising out of and in the course of her employment. An open award of benefits was entered.

The WCAC reversed, ruling that while MCL 418.301(3) establishes a presumption that an injury sustained on an employer's premises is in the course of employment, it does not create a presumption that the injury arises out of employment. The WCAC went on to hold that because it found that the activity in which plaintiff sustained her injury did not benefit the employer, the injury therefore did not arise out of plaintiff's employment.

This Court's review of a decision of the WCAC is limited. If there is any evidence supporting the WCAC's factual findings, and if the WCAC did not misapprehend its administrative appellate role in reviewing decisions of the magistrate, then the courts must treat the WCAC's factual findings as conclusive. *Mudel v Great Atlantic & Pacific Tea Co*, 462 Mich 691, 710-711; 614 NW2d 607 (2000). This Court reviews de novo questions of law, and a decision of the WCAC is subject to reversal if it is based on erroneous legal reasoning or the wrong legal framework. *DiBenedetto v West Shore Hosp*, 461 Mich 394, 401-402; 605 NW2d 300 (2000).

II

The WCAC clearly engaged in erroneous legal reasoning when it determined that plaintiff's injury did not arise out of her employment. An employee who receives a personal injury arising out of and in the course of employment by an employer who is subject

to the act at the time of the injury, shall be paid compensation. MCL 418.301(1). An employee is entitled to compensation where the nexus between the employment and the injury is sufficient to conclude that the injury was a circumstance of employment. *Illes v Jones Transfer Co (On Remand)*, 213 Mich App 44, 51; 539 NW2d 382 (1995).

MCL 418.301(3) provides in relevant part:

> An employee going to or from his or her work, while on the premises where the employee's work is to be performed, and within a reasonable time before and after his or her working hours, is presumed to be in the course of his or her employment. Notwithstanding this presumption, an injury incurred in the pursuit of an activity the major purpose of which is social or recreational is not covered under this act.

It is undisputed that plaintiff's injury occurred on work premises and falls within the ambit of MCL 418.301(3). The WCAC essentially held that plaintiff's injury did not arise in the course of her employment because the activity that caused the injury did not benefit the employer. This holding was error as a matter of law on two bases: first, because it created a requirement not found in the statute, i.e., that an injury incurred on the employer's premises must stem from activity that benefits the employer for the injury to be deemed to arise in the course of employment; and, second, because it concluded that the activity did not benefit the employer.

A

Nothing will be read into a clear statute that is not within the manifest intention of the Legislature

as derived from the language of the statute itself. *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 63; 642 NW2d 663 (2002). The courts cannot judicially legislate by adding language to a statute. *Empire Iron Mining Partnership v Orhanen*, 455 Mich 410, 421; 565 NW2d 844 (1997); *In re Wayne Co Prosecutor*, 232 Mich App 482, 486; 591 NW2d 359 (1998).

In requiring that a plaintiff show a benefit to the employer for an injury incurred on the employer's premises to be deemed to arise in the course of employment, the WCAC decision reads into the statute a requirement that is not there. An employee's injury on the employer's premises may arise out of the employment even though the employee is rendering no particular service to the employer at the time of the injury. *Freiborg v Chrysler Corp*, 350 Mich 104, 110; 85 NW2d 145 (1957). There is no requirement that an activity on the employer's premises that results in injury be of benefit to the employer.

B

The WCAC also erred as a matter of law in finding that the employer received no benefit from the activity that caused the injury. Therefore, even if the WCAC could properly graft a "benefit" requirement onto the statute, its decision in this case must be reversed.

Receiving remuneration for one's work is part of the duties one owes to the employer, and an employee is in the course of her employment when she is injured at her place of employment while there to receive her paycheck. *Dunlap v Clinton Valley Ctr*, 169 Mich App 354, 357; 425 NW2d 553 (1988). Additional life insurance benefits given at no cost to the

employee are part of the remuneration for employment. Employers expend large sums to establish employee goodwill. No tangible products are produced, but the cost is recognized as a cost of doing business. *Nemeth v Michigan Bldg Components*, 390 Mich 734, 737-738; 213 NW2d 144 (1973). Defendant employer could reasonably expect to receive increased employee goodwill by providing additional benefits.

The Legislature has imposed limits on compensation for injuries that are not work-related injuries and that occur on the job premises. These injuries are excluded from coverage under the act when the major purpose of the activity in which the employee is injured is social or recreational. MCL 418.301(3). Here, plaintiff's activity was neither social nor recreational and therefore she is entitled to the benefit of the statutory presumption that her injury occurred in the course of her employment. Nothing before the magistrate or the WCAC operated to overcome the presumption. The decision of the WCAC was based on erroneous legal reasoning.

Reversed and remanded for reinstatement of benefits awarded by the magistrate. We do not retain jurisdiction.