*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RAYMOND R. SMITH,

Plaintiff-Appellant,

and

CITIZENS INSURANCE COMPANY OF
AMERICA,

Intervening Plaintiff,

v

CHRYSLER GROUP, LLC,

Defendant-Appellee.

FOR PUBLICATION
February 25, 2020
9:00 a.m.

No. 339705
Michigan Compensation
Appellate Commission
LC No. 14-000003

Before: FORT HOOD, P.J., and BECKERING and BOONSTRA, JJ.

BOONSTRA, J.

Plaintiff appeals by leave granted[1] the Michigan Compensation Appellate Commission's (MCAC) opinion denying plaintiff's claim for wage benefits under the Workers' Disability Compensation Act (WDCA), MCL 418.101 *et seq.* The proceeding in the MCAC was an appeal from an earlier decision of a magistrate of the Workers' Compensation Board of Magistrates; the MCAC reversed the magistrate's holding that plaintiff's injury had arisen out of or in the course of his employment with defendant. We reverse and remand for further proceedings.

---

[1] This Court initially denied plaintiff's application for leave to appeal. *Smith v Chrysler Group, LLC*, unpublished order of the Court of Appeals, entered January 31, 2018 (Docket No. 339705). Plaintiff appealed this Court's denial of leave to our Supreme Court, which remanded to this Court for consideration as on leave granted. *Smith v Chrysler Group, LLC*, 503 Mich 855 (2018).

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Plaintiff was employed as an auditor for defendant. He sustained injuries in a motor vehicle accident while driving from his home in Clarkston to defendant's Jefferson Avenue North Assembly Plant (JANAP) in Detroit to conduct an audit, which was scheduled to begin at 7:30 a.m. After the accident, plaintiff filed an application for mediation with the Workers' Compensation Agency, arguing that he had been injured on a business trip and was entitled to worker's compensation benefits. In response, defendant argued in relevant part that plaintiff had merely been injured while traveling to work, which is not compensable under the Workers' Disability Compensation Act (WDCA), MCL 418.101 *et seq*. Following a hearing, the magistrate issued an opinion finding that plaintiff's injuries arose out of and in the course of his employment with defendant, noting the following undisputed facts:

> Plaintiff was driving his own personal vehicle but was paid mileage by the Defendant based upon the distance between the CTC[2] and JANAP. Plaintiff was transporting his company owned computer and cell[ular] [tele]phone as well as necessary papers which he had taken home the previous day so that he would not have to go to the CTC before travelling to JANAP. Plaintiff was paid a salary. In fact, as set forth above, the stipulated average weekly wage was $2,298.63. There was no testimony or evidence that Plaintiff's salary was dependent in any way upon his commencing work at JANAP at 7:30 am [sic]. He was not an hourly paid employee whose compensation depended upon specific hours of employment with a specific starting and ending time.

Defendant appealed the magistrate's decision to the MCAC, arguing that the magistrate erred by determining that plaintiff's injuries arose out of and in the course of his employment. The MCAC reversed the magistrate's determination, finding that plaintiff did not establish three of the four exceptions identified in *Stark v L E Myers Co*, 58 Mich App 439, 443; 228 NW2d 411 (1975).

This appeal followed.

## II. STANDARD OF REVIEW

As this Court stated in *Moore v Prestige Painting*, 277 Mich App 437, 447; 745 NW2d 816 (2007):

> The [MCAC] must review the magistrate's decision under the "substantial evidence" standard, and we review the [MCAC's] findings of fact under the "any evidence" standard. Our review begins with the [MCAC's] decision, not the magistrate's. "Findings of fact made or adopted by the [MCAC] are conclusive on appeal, absent fraud, if there is any competent evidence in the record to support them." We review de novo "questions of law involved in any final order of the

---

[2] "CTC" refers to the Chrysler Technology Center in Auburn Hills.

[MCAC]." "[A] decision of the [MCAC] is subject to reversal if it is based on erroneous legal reasoning or the wrong legal framework." [citations omitted.]

When the facts are undisputed, the question of whether a plaintiff's injury arose out of and in the course of the plaintiff's employment is a question of law. *Zarka v Burger King*, 206 Mich App 409, 411; 522 NW2d 650 (1994).

### III. ANALYSIS

Plaintiff argues that the MCAC erred when it determined that plaintiff's injury did not arise out of or in the course of his employment. We agree.

"Under the WDCA, employers provide compensation to employees for injuries suffered in the course of employment, regardless of fault." *Herbolsheimer v SMS Holding Co, Inc*, 239 Mich App 236, 240; 608 NW2d 487 (2000). "An employee who receives a personal injury arising out of and in the course of employment by an employer who is subject to the act at the time of the injury, shall be paid compensation." *Thomason v Contour Fabricators, Inc*, 255 Mich App 121, 123-124; 662 NW2d 51 (2003), mod on other grounds 469 Mich 960 (2003), citing MCL 418.301(1). "An employee is entitled to compensation where the nexus between the employment and the injury is sufficient to conclude that the injury was a circumstance of employment." *Id*. at 124.

Generally, "an employee who suffers injury while going to or coming from work cannot receive worker's compensation benefits." *Ruthruff v Tower Holding Corp (On Reconsideration)*, 261 Mich App 613, 616; 684 NW2d 888 (2004). However, "exceptions to the general rule exist where"

> (1) the employee is on a special mission for the employer, (2) the employer derives a special benefit from the employee's activity at the time of the injury, (3) the employer paid for or furnished employee transportation as part of the employment contract, (4) the travel comprised a dual purpose combining employment-related business needs with the personal activity of the employee, (5) the employment subjected the employee to excessive exposure to traffic risks, or (6) the travel took place as a result of a split-shift working schedule or employment requiring a similar irregular nonfixed working schedule. [*Bowman v RL Coolsaet Constr Co (On Remand)*, 275 Mich App 188, 191; 738 NW2d 260 (2007) (quotation marks and citations omitted).]

"Injuries that occur under the above circumstances are compensable because there is a sufficient nexus between the employment and the injury such that the injury was a circumstance of the employment." *Id*.

-3-

Although the magistrate and the MCAC analyzed this case principally under *Stark* (which, as noted, recognized four exceptions),[3] the developed caselaw now recognizes six exceptions, as set forth in *Bowman*, 275 Mich App at 191, and as initially summarized in *Bush v Parmenter, Forsythe, Rude & Dethmers*, 413 Mich 444, 452 n 6; 320 NW2d 858 (1982). Compare *Stark*, 58 Mich App at 443, and *Bowman*, 275 Mich App at 191, citing *Bush*, 413 Mich at 452 n 6. Resolution of plaintiff's appeal therefore requires that we analyze whether any of the six *Bowman* exceptions apply.

Before doing so, we note, first, that both the magistrate and the MCAC appeared to consider the exceptions to the general rule as elements of a balancing test. In doing so, they misconstrued the law. We instead read *Stark*, as well as prior and subsequent caselaw, as establishing "exceptions" to the general rule, and that each of those exceptions is independent of the others. Indeed, the cases from which *Stark* derived the exceptions support this conclusion. For example, in *Chrysler v Blue Arrow Transport Lines*, 295 Mich 606, 609-610; 295 NW 331 (1940), our Supreme Court upheld an award in favor of the plaintiff, in part due to the defendant's "furnish[ing] week-end transportation between Grand Rapids and Chicago . . . ." And in *Howard v Detroit*, 377 Mich 102, 110; 139 NW2d 677 (1966), the Court, in concluding that the plaintiff was entitled to benefits, noted that the plaintiff was injured during working hours. In *Nemeth v Mich Bldg Components*, 390 Mich 734, 737-738; 213 NW2d 144 (1973), our Supreme Court noted that the plaintiff was engaged in activity that specially benefitted the defendant by "promot[ing] and maintain[ing] good employer-employee relationships." And in *Chrysler*, 295 Mich at 606, and *Dent v Ford Motor Co*, 275 Mich 39, 42; 265 NW 518 (1936), the Court considered whether the plaintiff was subjected to excessive traffic risks, rather than risks "incident to any user of the street[,]" *Dent*, 275 Mich at 42.

Subsequent caselaw has also addressed the exceptions as independent considerations, rather than factors to be balanced. In *Bush*, for example, our Supreme Court noted that the general rule was "riddled with exceptions, and described those exceptions as "including*"* the six situations later described in *Bowman*. *Bush*, 413 Mich at 452 n 6. And in *Bowman*, the Court described the issue before it as "the applicability of *any* exceptions . . . to the general rule." *Bowman*, 275 Mich App at 190 (emphasis added). After individually considering the exceptions, it then upheld the commission's finding that "*none* of the exceptions . . . applied." *Id*. at 193 (emphasis added). *Bowman*'s use of the terms "any" and "none" confirm that the applicability of any one of the exceptions would have been sufficient (and therefore that the exceptions are independent considerations, not factors to be balanced).

---

[3] In *Stark*, this Court enumerated four "exceptions" or "[c]onsiderations relevant to the ultimate determination of whether an injury to an employee while on the way to work is sufficiently employment-related to be compensable": "1. Whether employer paid for or furnished employee transportation[;] 2. Whether the injury occurred during or between working hours[;] 3. Whether the employer derived a special benefit from the employee's activities at the time of the injury[;] 4 Whether the employment subjected the employee to excessive exposure to traffic risks[.] *Stark*, 58 Mich App at 443. *Id.* (citations omitted).]

The MCAC's misapplication of the *Stark* factors as a balancing test may have been based on this Court's opinion in *Forgach v George Koch & Sons Co*, 167 Mich App 50; 421 NW2d 568 (1988),[4] inasmuch as the MCAC cited to *Forgach* in stating that "[n]o prong of the exception test is dispositive." What the Court in *Forgach* in fact stated, however, was that "[u]nder [the *Stark*] analysis, no one factor in and of itself necessarily determines that plaintiff establish all four factors in plaintiff's favor; it is only necessary that the [MCAC] or reviewing authority look to all four factors before deciding whether the requisite was proven." *Id*. at 58. The *Forgach* Court also cited to *Pappas v Sport Servs, Inc*, 68 Mich App 423; 243 NW2d 10 (1976), as an illustrative of how *Stark's* "four-factor analysis" is to be applied. *Forgach*, 167 Mich App at 59. However, in *Pappas*, this Court again analyzed whether the facts of the case fit into *any* of the four exceptions. *Pappas*, 68 Mich App at 427-432. Finding that the facts did not fit within any of the four exceptions, this Court affirmed the commission's order denying workers' compensation benefits. *Id*. at 432. Nothing in *Pappas* supports a conclusion that the *Stark* factors operate as a balancing test, and to the extent that *Forgach* can be read as having presumed the existence of or establishing such a test, we clarify that no such test exists.

As noted, cases subsequent to *Forgach* have also treated the relevant factors generally as independent exceptions, each of which should be examined on its own merit. See, e.g., *Bush*, supra; *Bowman*, supra; *Camburn v Northwest Sch Dist*, 459 Mich 471, 478; 592 NW2d 46 (1999); *Thomas v Staff Builders Health Care*, 168 Mich App 127, 129; 424 NW2d 13 (1988); *Collier v J A Fredman, Inc (On Remand)*, 183 Mich App 156, 160; 454 NW2d 183 (1990). For this reason alone, the MCAC (which found that one of the four *Stark* exceptions applied, but which nevertheless reversed the magistrate's decision because it concluded, in an apparent balancing test, that the other three exceptions did not apply) erred.

We next turn to a consideration of the *Bowman* factors in relation to this case. In doing so, we conclude, with regard to the first *Bowman* exception, that plaintiff was on a special mission for his employer at the time of the accident. *Bowman*, 275 Mich App at 191. In *Camburn*, 459 Mich at 479, our Supreme Court determined that the plaintiff in that case was not on a special mission by traveling to an education seminar because the "defendant was not directly benefited by [the] plaintiff's attendance at the seminar and that the attendance was neither compulsory nor definitely expected." The Court cited *Bush* in quoting a treatise discussing the special mission exception:

> When an employee, having identifiable time and space limits on his employment, makes an off-premises journey which would normally not be covered under the usual going and coming rule, the journey may be brought within the course of employment by the fact that the trouble and time of making the journey, or the special inconvenience, hazard, or urgency of making it in the particular circumstances, is itself sufficiently substantial to be viewed as an integral part of the service itself. [*Camburn*, 459 Mich at 479, citing *Bush*, 413 Mich at 452, quoting 1 Larson, Workmen's Compensation Law, § 16.10, p. 4–123.]

---

[4] Court of Appeals opinions issued before November 1, 1990 are not precedentially binding. See MCR 7.215(J)(1).

Here, the record shows that plaintiff's main base of operations was the CTC in Auburn Hills, which was the location where his in-office work occurred and the location specified by his "employee location code." However, plaintiff testified that approximately 70% to 80% of his employment consisted of traveling to various locations across the western hemisphere. In other words, it was plaintiff's job to travel to different locations to conduct audits—plaintiff did not merely work different shifts at different locations. Accordingly, we agree with the magistrate that plaintiff was on a special mission to the JANAP because defendant directed plaintiff to be away from his place of employment at the CTC that day to perform his duties; the "particular circumstances" of his trip to JANAP was "an integral part" of his employment. *Camburn*, 459 Mich at 479 (citations omitted).

Additionally, the third *Bowman* exception, which addresses whether the employer paid for or furnished the employee's transportation as part of the employment contract, was satisfied in this case. *Bowman*, 275 Mich App at 191. As is undisputed, defendant paid for plaintiff's travel mileage when he travelled to perform his job duties at this and other locations. Accordingly, there was "a sufficient nexus between the employment and the injury such that the injury was a circumstance of the employment" rather than a mere commute to work. *Id*.[5]

Because the first and third *Bowman* exceptions apply in this case (either of which would be sufficient), we need not address the applicability of the other exceptions, and we conclude that the MCAC erred when it determined that plaintiff was not entitled to compensation. *Thomason*, 255 Mich App at 124.

We accordingly reverse the MCAC's opinion denying plaintiff workers' compensation benefits because plaintiff's injury did not arise out of and was not in the course of his employment, and remand for further proceedings before the MCAC consistent with this opinion.

Reversed and remanded. We do not retain jurisdiction.

/s/ /Mark T. Boonstra
/s/ Karen M. Fort Hood
/s/ Jane M. Beckering

---

[5] Even the MCAC found that this exception was satisfied.

-6-