MORIN v DEPARTMENT OF SOCIAL SERVICES (ON
REHEARING)

Docket Nos. 65026, 65027. Submitted December 7, 1983, at Lansing.—
Decided November 5, 1984. Leave to appeal applied for.

Plaintiff, Kathy L. Morin, was certified by the Department of
Social Services to provide in-home child care for DSS clients at
the state's expense. She was hired by June Radomski, who was
enrolled in a work training program and thus qualified for
child care assistance. Plaintiff was paid by the DSS by way of a
check made payable to both plaintiff and Radomski. While
caring for Radomski's children, plaintiff was injured. A claim
for workers' compensation benefits was filed against DSS. The
hearing referee found that plaintiff was an employee of DSS
and awarded benefits for permanent and total loss of use of her
left leg and arm. DSS, the Michigan State Accident Fund, and
the Second Injury Fund appealed to the Workers' Compensa-
tion Appeal Board and began paying 70% of the weekly bene-
fits pursuant to statute. While the appeal was pending the
payments to plaintiff were reduced upon advice of the chairper-
son of the WCAB that it would be appropriate to do so. Plaintiff
moved to dismiss the appeal for failure to comply with the 70%
rule. The motion was denied. Subsequently the WCAB ruled
that plaintiff was an independent contractor hired by Radomski
and thus not qualified for benefits. The WCAB further held
that DSS was not liable for payment of benefits as a statutory
principal. Plaintiff appealed, by leave granted, both the order
denying her motion to dismiss and the final order of the
WCAB, and the appeals were consolidated. The Court of Ap-
peals held, 134 Mich App 834 (1984), that the WCAB was not
required to dismiss defendants' appeal for failure to fully comply
with the 70% rule where there is substantial compliance and
good cause is shown for partial noncompliance, that the WCAB
did not err in finding that plaintiff was not an employee of
DSS, and that DSS was liable as a statutory principal. The

REFERENCES FOR POINTS IN HEADNOTES
[1] 81 Am Jur 2d, Workmen's Compensation § 59.
[2] 82 Am Jur 2d, Workmen's Compensation § 545.

Second Injury Fund and DSS moved for rehearing and the Court of Appeals granted the motions. Now *held:*

1. A principal employer who is subject to the worker's compensation act and who contracts with an employer who is not subject to the act to execute work undertaken by the principal is the statutory employer of the employees of that employer and is liable for workers' compensation benefits to employees who are injured during the execution of the work.

2. The Workers' Compensation Appeal Board has exclusive jurisdiction to make factual decisions in workers' compensation cases. The WCAB made no determinations as to whether an employer-employee relationship existed between Radomski and plaintiff and was not clear as to whether the child care services performed by plaintiff constituted work undertaken by DSS.

Remanded with instructions.

1. WORKERS' COMPENSATION — STATUTORY EMPLOYERS — PRINCIPAL AND AGENT.

A principal employer who is subject to the workers' compensation act and who contracts with an employer who is not subject to the act to execute work undertaken by the principal is the statutory employer of the employees of that employer and is liable for workers' compensation benefits to employees who are injured during the execution of the work (MCL 418.171; MSA 17.237[171]).

2. WORKERS' COMPENSATION — JURISDICTION — CONSTITUTIONAL LAW.

The Workers' Compensation Appeal Board has exclusive jurisdiction to make factual decisions in workers' compensation cases (Const 1963, art 6, § 28).

*Davidson, Breen & Doud, P.C.* (by *Richard J. Doud),* for plaintiff.

*O'Neill, Ackerman, Wallace, Doyle & Jones* (by *Richard L. Alger, Jr.),* for defendants Department of Social Services and Michigan State Accident Fund.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Richard F. Zapala,* Assistant Attorney General, for defendant Second Injury Fund.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Janis Meija* and *William K. Basinger,* Assistants Attorney General, for Amicus Curiae, State of Michigan, Department of Social Services.

ON REHEARING

Before: M. J. KELLY, P.J., and CYNAR and J. C. KINGSLEY,* JJ.

M. J. KELLY, P.J. In *Morin v Dep't of Social Services,* 134 Mich App 834; 352 NW2d 325 (1984), we considered plaintiff's appeal from a decision of the Workers' Compensation Appeal Board in which plaintiff was denied compensation for injuries sustained in the course of her employment as a day-care aide. We reversed the WCAB's order and found the Department of Social Services liable as a statutory principal under MCL 418.171; MSA 17.237(171). Following the release of that decision, both the Department of Social Services and the Second Injury Fund moved for rehearing raising issues already considered by this Court in our earlier opinion as well as issues not raised or considered below or by this Court on the appeal.

As a general rule, we do not grant rehearing to consider issues raised for the first time on a motion for rehearing. However, we recognize, as we did upon the release of our earlier opinion, the enormity of the impact of this decision upon significant matters of public concern. For this reason, we were dismayed by the inadequacy of the defendants' initial briefs on the issue of DSS's liability as a statutory principal. We were thus persuaded to grant defendants' motions for rehearing limited

---

* Circuit judge, sitting on the Court of Appeals by assignment.

to two issues presented to this Court for the first time in the application for rehearing: (1) whether the relationship between plaintiff and Radomski was that of employee-employer; and (2) whether the child care services performed by plaintiff constituted work undertaken by DSS as that term is used in MCL 418.171; MSA 17.237(171). Rehearing was also granted on the issue of whether a contract existed between DSS and Radomski regarding plaintiff's services. Finally, we granted DSS's motion to file an amicus curiae brief, to be submitted by the Attorney General's office, and we denied plaintiff's motions to dismiss the defendant's applications for rehearing. After full consideration of all of the briefs submitted in this matter, we now remand this case for the further consideration of the WCAB as directed in this opinion.

I

In order for DSS to be liable as a statutory principal for the work performed by plaintiff for Radomski, plaintiff and Radomski must be involved in an employee-employer relationship. *Williams v Lang (After Remand)*, 415 Mich 179, 192-194; 327 NW2d 240 (1982). The WCAB was asked only to determine whether plaintiff was an employee of the Department of Social Services. The question of whether plaintiff was an employee of Radomski was never presented and was thus never decided. With regard to that relationship, the board only generally observed that:

"With the increase of working parents, the need for capable, consistent child care becomes a premium factor in maintaining the homeostasis of the family and its members. Where the babysitter comes into the home on a daily basis, week after week, the relationship is surely

more akin to employer/employee than it is to employer/independent contractor."

Because the board is vested with the exclusive jurisdiction to make factual determinations in workers' compensation cases, Const 1963, art 6, § 28, we remand for a finding on the issue of the employee-employer relationship between plaintiff and Radomski. We further direct the board to allow the introduction of additional proofs on this issue.

## II

A second prerequisite for workers' compensation liability as a statutory principal is a finding that "the injury suffered occurs in the course of the performance of 'any work undertaken by the principal'". *Williams v Lang, supra,* p 182 (emphasis changed). In this case, the board stated:

> "Furthermore, taking plaintiff's construction of the 'implied contract,' Mrs. Radomski's agreement was 'that she employ a child-care aide for the purpose of providing care to [her] children.' Employing child-care aides, as has previously been determined, is not' * * * part of any work undertaken by the principal (defendant).' "

Earlier in its opinion, however, the board had opined:

> "While furnishing or paying babysitters may not be an integral part of state government, the government is, in theory at least, constituted to serve the people and that government has adopted a social welfare program to serve a portion of the populace. Child care services is a part of that program and certainly contributes toward a goal of making more people self-sufficient. It would be difficult to argue in this day and age that social welfare is not a major part of federal and state government and that employment is not a major concern.

* * *

"In conclusion, it is determined that the services provided by plaintiff contributed to the state's welfare goals and thus contributed to a common objective."

Given what we perceive to be an inconsistency in the board's opinion on whether the child care services performed by plaintiff constituted work undertaken by DSS, we remand for further consideration and articulation on this issue.

### III

Finally, a contract must exist between DSS and Radomski regarding plaintiff's services if DSS is to be found liable as a statutory principal. Our earlier opinion stands as law of the case on the inapplicability of both the amended and preamended versions of MCL 400.55a; MSA 16.455(1), but the board is not precluded from considering on remand other relevant statutes and regulations governing plaintiff's duty, if any, to accept employment. We note, however, that an analysis of Radomski's duty to work is relevant only to the existence of a contract between DSS and Radomski where that contract is viewed as a promise to work in return for a promise to pay child care. We do not necessarily believe that this is the appropriate inquiry. We thus direct the parties to brief on remand before the board the following issue: Whether a contract or agreement within the meaning of MCL 418.171; MSA 17.237(171) existed between DSS and Radomski such that Radomski promised to hire a qualified, state-licensed child care aide in return for a promise on the part of DSS to pay for such care.

Remanded for further consideration in accordance with this opinion. Additional proofs shall be submitted where necessary within the discretion of the board. Jurisdiction is not retained.