MORIN v DEPARTMENT OF SOCIAL SERVICES

Docket Nos. 102272, 102367. Submitted November 14, 1988, at Lansing. Decided February 7, 1989.

Plaintiff, Kathy L. Morin, was certified by the Department of Social Services to provide in-home child care for DSS clients at the state's expense. She was hired by June Radomski, who was enrolled in a work training program and thus qualified for child care assistance. Plaintiff was paid by the DSS by way of a check made payable to both plaintiff and Radomski. While caring for Radomski's children, plaintiff was injured. A claim for workers' compensation benefits was filed against DSS. The hearing referee found that plaintiff was an employee of DSS and awarded benefits for permanent and total loss of use of her left leg and arm. DSS, the Michigan State Accident Fund, and the Second Injury Fund appealed to the Workers' Compensation Appeal Board and began paying seventy percent of the weekly benefits pursuant to statute. While the appeal was pending the payments to plaintiff were reduced upon advice of the chairperson of the WCAB that it would be appropriate to do so. Plaintiff moved to dismiss the appeal for failure to comply with the seventy percent rule. The motion was denied. Subsequently the WCAB ruled that plaintiff was an independent contractor hired by Radomski and thus not qualified for benefits. The WCAB further held that DSS was not liable for payment of benefits as a statutory principal. Plaintiff appealed, by leave granted, both the order denying her motion to dismiss and the final order of the WCAB, and the appeals were consolidated. The Court of Appeals held, 134 Mich App 834 (1984), that the WCAB was not required to dismiss defendants' appeal for failure to fully comply with the seventy percent rule where there is substantial compliance and good cause is shown for partial noncompliance, that the WCAB did not err in finding that plaintiff was not an employee of DSS, and that DSS was liable as a statutory principal. The Second Injury Fund and DSS moved for rehear-

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 167 et seq.

See the Index to Annotations under Independent Contractors; Worker's Compensation.

ing, which was granted. On rehearing, the Court of Appeals held that in order for DSS to be liable as a statutory principal it must be determined that plaintiff was Radomski's employee, that the child care services performed by plaintiff constituted work undertaken by DSS as that term is used in MCL 418.171; MSA 17.237(171), and that there was a contract between DSS and Radomski regarding plaintiff's services. The case was remanded to the WCAB for findings on these three issues. 138 Mich App 482 (1984). On remand, the WCAB concluded that plaintiff was Radomski's employee rather than an independent contractor, that there was a valid contract between DSS and Radomski, and that the child care services performed by plaintiff constituted work undertaken by DSS under the statute. The Department of Social Services and the Accident Fund of Michigan filed separate appeals from the decision of the WCAB by leave granted.

The Court of Appeals *held:*

Six of the eight factors used in the economic reality test utilized to determine whether plaintiff was an employee or an independent contractor favor a finding that plaintiff was an independent contractor. The WCAB erred in ruling that plaintiff was an employee rather than an independent contractor. Because plaintiff is an independent contractor, the DSS is not liable as a statutory principal.

Reversed.

WORKERS' COMPENSATION — SOCIAL SERVICES — INDEPENDENT CONTRACTORS — BABY-SITTERS — STATUTORY PRINCIPAL.

A person certified by the Department of Social Services as a day-care aide allowing her to provide in-home care for the children of DSS clients at the state's expense should be considered an independent contractor for purposes of determining whether the DSS is a statutory principal under the Workers' Disability Compensation Act where (1) the employer, a DSS client, would be liable for breach of contract if she terminated the relationship with the baby-sitter at will; (2) the baby-sitter's work is not an integral part of the employer's business; (3) the baby-sitter is not primarily dependent upon the baby-sitting job as a means of support; (4) the baby-sitter holds herself out to the public as one ready and able to perform the tasks of a baby-sitter; and (5) baby-sitting is customarily performed by an independent contractor (MCL 418.171; MSA 17.237[171]).

*Davidson, Breen & Doud, P.C.* (by *Richard J. Doud*), for plaintiff.

*O'Neill, Ackerman, Wallace & Doyle* (by *Richard L. Alger, Jr.,* and *Thomas E. Ackerman*), for defendants.

Before: SHEPHERD, P.J., and GRIBBS and G. S. ALLEN,* JJ.

PER CURIAM. Defendants appeal by leave granted from a decision of the Workers' Compensation Appeal Board. This is the third time this matter has been before us. The facts have been set out in detail in our previous decisions:

> In 1977, plaintiff was certified by the Department of Social Services as a day-care aide, allowing her to provide in-home care for the children of DSS clients at the state's expense. Plaintiff was eventually hired by June Radomski, an ADC recipient with two school-aged children. Radomski had enrolled in a work training program which qualified her for child care assistance from DSS, on the condition that the caretaker was certified or that the facility was licensed. Radomski was provided with a list of names of certified aides which included plaintiff. Dss paid plaintiff for her services by way of a check made payable to both plaintiff and Radomski.
>
> Plaintiff, a 16-year-old high-school student, began taking care of Radomski's children after school each weekday from 3:30 P.M. until approximately 5:30 P.M. On June 3, 1977, plaintiff was to begin full-time employment through the summer months. On that day, however, as plaintiff was transporting the children to Radomski's place of employment, she was involved in an automobile accident and sustained serious injuries.
>
> Plaintiff's father filed a claim with the Bureau of Workers' Disability Compensation against DSS on plaintiff's behalf, alleging that plaintiff had lost

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

the industrial use of her left arm, leg, and hip and had sustained mental injuries as a result of the accident. [*Morin v Dep't of Social Services,* 134 Mich App 834, 836-837; 352 NW2d 325 (1984).]

In *Morin v DSS, id.,* we considered plaintiff's appeal from a WCAB decision denying plaintiff compensation for her injuries. We reversed the WCAB's order and found the Department of Social Services liable as a statutory principal pursuant to MCL 418.171; MSA 17.237(171).

In *Morin v DSS (On Reh),* 138 Mich App 482; 361 NW2d 13 (1984), lv den 422 Mich 911 (1985), we granted rehearing to consider (1) whether plaintiff was Radomski's employee, (2) whether the child care services performed by plaintiff constituted work undertaken by DSS as that term is used in MCL 418.171; MSA 17.237(171), and (3) whether there was a contract between DSS and Radomski regarding plaintiff's services. We determined that, in order for DSS to be liable as a statutory principal, all three of the previously stated questions must be answered in the affirmative. Since the WCAB is vested with the exclusive jurisdiction to make factual determinations in workers' compensation cases, Const 1963, art 6, § 28, we remanded for findings on all three issues.

On remand, the WCAB concluded (1) that plaintiff was Radomski's employee rather than an independent contractor, (2) that there was a valid contract between DSS and Radomski, and (3) that the child care services performed by plaintiff constituted work undertaken by DSS under the statute. Defendants challenge all three of the WCAB's findings.

This Court cannot disturb an order or decision of the WCAB unless the order or decision is contrary to law or not supported by competent, material, and substantial evidence. MCL 421.38(1); MSA

17.540(1), Const 1963, art 6, § 28. *Capital Carpet Cleaning & Dye Co, Inc v MESC,* 143 Mich App 287, 291; 372 NW2d 332 (1985).

In determining whether plaintiff was Radomski's employee, the wcab applied the eight-step "economic reality" test outlined in *McKissic v Bodine,* 42 Mich App 203, 208-209; 201 NW2d 333 (1972), lv den 388 Mich 780 (1972):

> First, what liability, if any, does the employer incur in the event of the termination of the relationship at will?
>
> Second, is the work being performed an integral part of the employer's business which contributes to the accomplishment of a common objective?
>
> Third, is the position or job of such a nature that the employee primarily depends upon the emolument for payment of his living expenses?
>
> Fourth, does the employee furnish his own equipment and materials?
>
> Fifth, does the individual seeking employment hold himself out to the public as one ready and able to perform tasks of a given nature?
>
> Sixth, is the work or the undertaking in question customarily performed by an individual as an independent contractor?
>
> Seventh, control, although abandoned as an exclusive criterion upon which the relationship can be determined, is a factor to be considered along with payment of wages, maintenance of discipline and the right to engage or discharge employees.
>
> Eighth, weight should be given to those factors which will most favorably effectuate the objectives of the statute.

These rules are to be applied as a whole on a common sense basis, in keeping with the purposes of the statute. *McKissic,* 42 Mich App at 209. We will consider each factor individually.

1. *What liability, if any, does the employer incur*

*in the event of the termination of the relationship at will*? Defendants accept the WCAB's determination that Radomski would be liable for breach of contract if she had terminated her relationship with plaintiff at will. Since the parties do not dispute the WCAB's finding, we need not address this issue. Accordingly, we accept the WCAB's conclusion that this factor favors a finding that plaintiff was an independent contractor.

2. *Is the work being performed an integral part of the employer's business which contributes to the accomplishment of a common objective*? Again, defendants do not challenge the WCAB's finding that plaintiff's work was not an integral part of Radomski's business. This factor favors a finding that plaintiff was an independent contractor.

3. *Does the employee primarily depend upon the job as a means of support*? Plaintiff earned $7.48 per day for baby-sitting; she was primarily dependent upon her parents for her living expenses. The WCAB, however, revised the *McKissic* test and found that the baby-sitting job was plaintiff's "primary source of income." The WCAB's analysis of this factor favored a finding that plaintiff was an employee of Radomski. We disagree.

The WCAB noted that the *McKissic* language "imposes a narrow construction on that criterion" and that "the better view is that the question should be whether the employment is the primary source of income to the employee, not whether the employee could live on the money earned." Neither plaintiff nor the WCAB cite any authority to support this change.

We believe the WCAB erred by revising the language of this factor because, by so doing, they have changed the thrust of the *McKissic* test. One of the purposes of the test is to determine which workers "are utterly dependent, as a matter of economic

reality, upon another, their employer." *McKissic,* 42 Mich App at 206, quoting the dissent in *Powell v Employment Security Comm,* 345 Mich 455, 464; 75 NW2d 874 (1956). By changing the language of this *McKissic* factor, the WCAB impermissibly altered the underlying legal issue.

We find that, on the facts as determined by the WCAB, plaintiff was not primarily dependent upon the baby-sitting job as a means of support. This factor favors a finding that plaintiff was an independent contractor.

4. *Does the employee furnish her own equipment and materials?* Defendants do not challenge the WCAB's determination that Radomski furnished most of the "equipment and materials" in this case. This factor, although not controlling, favors a finding that plaintiff was Radomski's employee.

5. *Does the employee hold herself out to the public as one ready and able to perform the tasks of a baby-sitter?* Defendants accept the WCAB's finding that plaintiff did so hold herself out to the public. We agree with the WCAB that this factor supports a finding that plaintiff was an independent contractor.

6. *Is baby-sitting customarily performed by an individual as an independent contractor?* The WCAB found that, while baby-sitting is generally performed by an independent contractor, "where the baby-sitter comes into the home on a daily basis, week after week, the relationship is surely more akin to employer/employee than it is to employer/independent contractor." Under the WCAB's analysis, this factor favors a finding that plaintiff was an employee. We disagree for essentially the same reasons discussed in our analysis of factor (3), *supra.*

While no separate *McKissic* factor is dispositive,

each is meant to serve a particular purpose. By examining the customary treatment of baby-sitters, for instance, we gain insight into the probable expectations of the parties and can factor in those reasonable expectations along with the other *McKissic* criteria. By changing the individual factors, the WCAB has subtly changed the underlying legal principal. While the WCAB may ignore, or give little weight to, individual factors where appropriate on the facts of an individual case, we hold that they may not change the factors themselves.

We find, as the WCAB acknowledged, that baby-sitting is customarily performed by an independent contractor. This factor favors a finding that plaintiff was an independent contractor.

7. *Control is a factor to be considered along with payment of wages, maintenance of discipline and the right to engage or discharge employees.* The WCAB found that Radomski "controlled and had the right to control" plaintiff's activities and that Radomski had the right to hire and fire plaintiff. Although the WCAB acknowledged that plaintiff's wages came from defendant, by a check made jointly payable to Radomski and plaintiff, the WCAB suggested that Radomski "controlled" the payment of wages.

It appears clear from the facts, as found by the WCAB, that Radomski could not have "controlled" or "disciplined" plaintiff "beyond withdrawing her children if she felt that . . . plaintiff was not performing satisfactorily." *Neff v Hillcrest Drive-In,* 72 Mich App 463, 475; 250 NW2d 71 (1976), vacated on other grounds and remanded for reconsideration, 400 Mich 804 (1977). It is also clear that defendant paid plaintiff's wages. We agree with the WCAB that Radomski had the right to hire and fire plaintiff. This factor does not appear

to favor either conclusion regarding plaintiff's employment status.

8. *Weight should be given to those factors which will most favorably effectuate the objectives of the statute.* The workers' compensation law has been described as remedial in nature and is generally intended to give relief to injured workers. Where there is a contest between two possible interpretations of statutory language, the courts have often adopted the interpretation which would grant the most benefits to the injured worker. See, e.g., *Lahti v Fosterling,* 357 Mich 578; 99 NW2d 490 (1959). We cannot, however, completely disregard the possible impact of our decision on similar employment relationships. As stated in our earlier opinions, we recognize the enormity of the impact of this decision upon significant matters of public concern. If we were to decide that plaintiff was Radomski's employee, countless other baby-sitting arrangements would be subjected to workers' compensation requirements. We do not believe the Legislature intended such a result. Given the widespread use of babysitters, we are persuaded that the legislation would contain some indication if such a result had been contemplated. Moreover, in this case, five of the previous seven *McKissic* factors favor a finding that plaintiff was an independent contractor.

We hold that plaintiff was an independent contractor while baby-sitting Radomski's children and, as a result, that DSS is not liable as a statutory principal. We need not consider the other issues raised by the parties.

Reversed.