COLLIER v J A FREDMAN, INC

Docket Nos. 117556, 117557. Submitted December 14, 1989, at Detroit. Decided April 2, 1990. Leave to appeal applied for.

Andrew W. Collier, an apprentice ironworker employed by J. A. Fredman, Inc., was required to attend apprenticeship classes once every two weeks. Collier was paid his normal wages plus a $4.50 travel allowance for attending the classes. On August 10, 1976, Collier was severely injured in an automobile accident while driving home from the classes. Collier sought workers' compensation benefits, but a hearing officer denied his claim, finding that the accident was the result of Collier's own driving misconduct. The Workers' Compensation Appeal Board reversed the hearing officer's decision and ruled that Collier was entitled to benefits and ordered the Second Injury Fund to pay differential benefits from and after August 1, 1977. The Court of Appeals granted J. A. Fredman, Inc., Liberty Mutual Insurance Company, Fredman's workers' compensation insurance carrier, and the Second Injury Fund (defendants) leave to appeal and, in an unpublished opinion per curiam, reversed the WCAB's ruling and remanded the matter for further proceedings on the basis that the WCAB failed to apply the correct legal standard when it relied exclusively on the existence of a travel stipend for its determination that Collier's injuries arose out of and in the course of his employment. On remand, the WCAB determined that Collier was entitled to benefits because a sufficient nexus existed between his injuries and his employment. Defendants sought leave to appeal to the Court of Appeals, which denied leave. The Second Injury Fund then sought leave to appeal to the Supreme Court, which, in lieu of granting leave to appeal, remanded the matter to the Court of Appeals for reconsideration as on leave granted. 432 Mich 902 (1989). The appeal of the Second Injury Fund and that of the other defendants have been consolidated.

The Court of Appeals *held:*

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 255, 257.
See the Index to Annotations under Apprenticeship; Worker's Compensation.

While injuries sustained by an employee going to and coming from work generally are not compensable under the workers' compensation act, an employee is entitled to compensation where there is a sufficient nexus between the employment and the injury so that it may be said that the injury was a circumstance of the employment and, while travel allowances in and of themselves are insufficient to establish the requisite nexus between employment and injury, when considered in conjunction with other factors, such travel allowances may justify a finding that an employee was in the scope of his employment at the time of the injury. Such is the case here. Multiple potential bases for establishing the requisite nexus are present in this case. The WCAB's decision that Collier's injuries arose out of and in the course of his employment is not contrary to law and is supported by competent, material, and substantial evidence.

Affirmed.

1. WORKERS' COMPENSATION — TRAVEL TO AND FROM WORK.

Injuries sustained by an employee going to and from work generally are not compensable, but exceptions have been found where (1) the employee is on a special mission for the employer, (2) the employer derives a special benefit from the employee's activity at the time of the injury, (3) the employer paid for or furnished the employee transportation as part of the employment contract, (4) the travel comprised a dual purpose combining employment-related business needs with the personal activity of the employee, (5) the employment subjected the employee to excessive exposure to traffic risks, or (6) the travel took place as a result of a split-shift working schedule or employment requiring a similar irregular nonfixed working schedule; there must be a sufficient nexus between the employment and the injury so that it may be said that the injury was a circumstance of the employment in order for an employee to be entitled to compensation.

2. WORKERS' COMPENSATION — TRAVEL TO AND FROM APPRENTICESHIP CLASSES.

An apprentice ironworker was entitled to workers' compensation benefits for injuries sustained in an automobile accident while driving home from apprenticeship classes he was required to attend once every two weeks where the employer helped fund the apprenticeship program, paid the claimant his regular wage on each day he participated in the program, and paid him a travel allowance on the day he was injured; the fact that the employer directly benefited from the claimant's attendance

would constitute an additional basis for establishing a nexus between the claimant's employment and injury sufficient to entitle him to benefits.

*Frank R. Langton & Associates, P.C.* (by *Mark S. Lucas*), for plaintiff.

*Conklin, Benham, Ducey, Listman & Chuhran, P.C.* (by *Martin L. Critchell*), for J. A. Fredman, Inc., and Liberty Mutual Insurance Company.

*Frank J. Kelley,* Attorney General, and *Ray W. Cardew, Jr.,* Assistant Attorney General, for Second Injury Fund.

Before: NEFF, P.J., and WAHLS and T. G. KAVANAGH,* JJ.

NEFF, P.J. This is a workers' compensation case. Defendants applied to this Court for leave to appeal from the Workers' Compensation Appeal Board's opinion and order dated April 22, 1988, granting an open award to plaintiff. That opinion was entered following a reversal and remand from this Court as a result of an earlier decision of the WCAB. This Court denied leave to appeal. Defendants thereafter filed for leave to appeal to our Supreme Court, which remanded the cases to this Court for consideration as on leave granted. We affirm the opinion and order of the WCAB.

I

Plaintiff, an apprentice ironworker, was employed by defendant J. A. Fredman, Inc. Plaintiff was required to attend apprenticeship classes once every two weeks. Plaintiff made the hour and a

---

* Former Supreme Court justice, sitting on the Court of Appeals by assignment.

half drive to classes by car. On the days plaintiff was required to attend classes, J. A. Fredman, Inc., paid plaintiff his normal wages for an eight-hour day, plus a $4.50 travel allowance. The $4.50 travel allowance was the maximum amount J. A. Fredman paid to employees for travel expenses, regardless of actual mileage.

II

On October 10, 1976, plaintiff was severely injured in an automobile accident while driving home from classes. Plaintiff's claim for workers' compensation benefits was initially denied by a hearing officer who apparently found that plaintiff's accident was the result of plaintiff's own driving misconduct.

The WCAB reversed the hearing officer's ruling and held that plaintiff was entitled to benefits.

Defendants were granted leave to appeal to this Court, and a panel of this Court reversed the WCAB's ruling and remanded the action for further proceedings. *Collier v J A Fredman, Inc,* unpublished opinion per curiam of the Court of Appeals, decided April 26, 1985 (Docket Nos. 74262, 74282). This Court held that the WCAB failed to apply the correct legal standard when it relied exclusively on the existence of a travel stipend for its determination that plaintiff's injuries arose out of and in the course of his employment. This Court noted in its opinion that the question whether the travel stipend in and of itself created a sufficient nexus between plaintiff's injuries and his employment was not addressed by the WCAB.

Following remand by this Court, the WCAB, in a split decision, determined that plaintiff was entitled to benefits because a sufficient nexus existed between plaintiff's injuries and his employment.

Defendants applied for, and were denied, leave to appeal to this Court. Defendants thereafter applied for leave to appeal to our Supreme Court, which remanded this case to this Court for consideration as on leave granted. 432 Mich 902 (1989).

### III

Defendants contend that the wcab erred in holding that plaintiff's injuries arose out of and in the course of his employment. We disagree.

Absent fraud, this Court cannot disturb an order or decision of the wcab unless it is contrary to law or not supported by competent, material, and substantial evidence. Const 1963, art 6, § 28; *Morin v DSS,* 174 Mich App 718, 721; 436 NW2d 729 (1989).

Generally, injuries sustained by an employee going to and coming from work are not compensable under the workers' compensation act. *Bush v Parmenter, Forsythe, Rude & Dethmers,* 413 Mich 444, 451; 320 NW2d 858 (1982); *Thomas v Staff Builders Health Care,* 168 Mich App 127, 129; 424 NW2d 13 (1988), lv den 430 Mich 886 (1988). Exceptions to the general rule exist where

> (1) the employee is on a special mission for the employer, (2) the employer derives a special benefit from the employee's activity at the time of the injury, (3) the employer paid for or furnished employee transportation as part of the employment contract, (4) the travel comprised a dual purpose combining employment-related business needs with the personal activity of the employee, (5) the employment subjected the employee to excessive exposure to traffic risks, or (6) the travel took place as a result of a split-shift working schedule or employment requiring a similar irregular nonfixed working schedule. [*Thomas, supra,* p 129.]

An employee is entitled to compensation where "there is a sufficient nexus between the employment and the injury so that it may be said that the injury was a circumstance of the employment." *Id.,* p 130.

A panel of this Court in *Forgach v George Koch & Sons Co,* 167 Mich App 50, 63; 421 NW2d 568 (1988), recently held that "zone computed travel allowances paid pursuant to a union contract are not *in and of themselves* sufficient to find the requisite nexus between employment and injury."

While travel allowances *in and of themselves* are insufficient to establish the requisite nexus between employment and injury, when considered in conjunction with other factors, such travel allowances may justify a finding that an employee was in the scope of his employment at the time of injury. *Forgach, supra.* Such is the case here.

In its opinion, the WCAB found that the record demonstrated the presence of multiple potential bases for establishing the requisite nexus and concluded

that an adequate nexus existed between the employment and the injury in that the employer: (1), helped fund the program; (2), paid the claimant his regular wage on each day he participated in the program; and (3), paid claimant a travel allowance on the day he was injured. The fact that the employer directly benefited from the claimant's attendance would constitute an additional basis for establishing such a nexus.

On the record before us, we conclude that the WCAB's decision that plaintiff's injuries arose out of

and in the course of plaintiff's employment is not contrary to law and is supported by competent, material, and substantial evidence.

Affirmed.