BOWMAN v R L COOLSAET CONSTRUCTION COMPANY
(ON REMAND)

Docket No. 258518. Submitted January 24, 2007, at Lansing. Decided
April 10, 2007, at 9:00 a.m.

James B. Bowman sought workers' compensation benefits for inju-
ries he suffered in a traffic accident while driving from work for R.
L. Coolsaet Construction Company to his temporary housing. A
workers' compensation magistrate denied the claim, determining
that the claim falls within the general rule that injuries sustained
while going to or coming from work are not compensable. Bowman
and intervening plaintiff Auto Club Insurance Association ap-
pealed to the Workers' Compensation Appellate Commission
(WCAC), arguing that Bowman was entitled to recover benefits
under one or more of the exceptions to the general rule, including
the "traveling employee" doctrine. The WCAC affirmed the mag-
istrate's decision, holding that none of the exceptions to the
general rule applied and that the traveling employee doctrine is
not valid in Michigan. Auto Club Insurance Association appealed.
The Court of Appeals, COOPER, P.J., and FORT HOOD and BORRELLO,
JJ., reversed and remanded, holding that the traveling employee
doctrine applies in Michigan. 272 Mich App 27 (2006). The
Supreme Court, in lieu of granting leave to appeal to the defen-
dants, reversed, holding that the Court of Appeals erred in
adopting the traveling employee doctrine under the circumstances
of this case, and remanded to the Court of Appeals with an
instruction that it consider the remaining arguments of Auto Club
Insurance Association. 477 Mich 976 (2006).

On remand, the Court of Appeals *held*:

Injuries sustained by an employee while going to or coming
from work generally are not compensable under the Worker's
Disability Compensation Act, MCL 418.101 *et seq*. Exceptions to
the rule apply where (1) the employee is on a special mission for
the employer, (2) the employer derives a special benefit from the
employee's activity at the time of the injury, (3) the employer paid
for or furnished employee transportation as part of the employ-
ment contract, (4) the travel comprised a dual purpose combining
employment-related business needs with the personal activity of

the employee, (5) the employment subjected the employee to excessive exposure to traffic risks, or (6) the travel took place as a result of a split-shift working schedule or employment requiring a similar irregular nonfixed working schedule. In this case, exceptions 1 and 6 are not at issue and none of the other exceptions applies to preclude application of the general rule.

Affirmed.

WORKERS' COMPENSATION — TRAVEL TO AND FROM WORK.

Injuries sustained by an employee going to and from work generally are not compensable, but exceptions apply where (1) the employee is on a special mission for the employer, (2) the employer derives a special benefit from the employee's activity at the time of the injury, (3) the employer paid for or furnished employee transportation as part of the employment contract, (4) the travel comprised a dual purpose combining employment-related business needs with the personal activity of the employee, (5) the employment subjected the employee to excessive exposure to traffic risks, or (6) the travel took place as a result of a split-shift working schedule or employment requiring a similar irregular nonfixed working schedule; there must be a sufficient nexus between the employment and the injury such that the injury was a circumstance of the employment (MCL 418.101 *et seq.*).

*Evans, Pletkovic & Rhodes, P.C.* (by *Jane S. Columbo*), for Auto Club Insurance Association.

*Conklin Benham, P.C.* (by *Martin L. Critchell*), for R. L. Coolsaet Construction Company and Liberty Mutual Fire Insurance Company.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *Gerald M. Marcinkoski*, Special Assistant Attorney General, and *Stephanie A. Carll*, Assistant Attorney General, for the Second Injury Fund.

ON REMAND

Before: COOPER, P.J., and FORT HOOD and BORRELLO, JJ.

PER CURIAM. In this workers' compensation case, intervening plaintiff-appellant Auto Club Insurance Association appealed by leave granted an order of the Workers' Compensation Appellate Commission (WCAC) affirming the magistrate's denial of plaintiff James B. Bowman's petition for workers' compensation benefits. This Court held that the "traveling employee" doctrine exists in Michigan and reversed the decision of the WCAC and remanded. *Bowman v R L Coolsaet Construction Co*, 272 Mich App 27; 723 NW2d 583 (2006). Our Supreme Court reversed and remanded, ruling that this Court erred in adopting the traveling employee doctrine "under the circumstances of this case" because at the time of his injury, plaintiff was traveling from his worksite to his temporary home, thus triggering the general rule that injuries sustained by an employee while going to or from work are not compensable. *Bowman v R L Coolsaet Construction Co*, 477 Mich 976 (2006). The Supreme Court therefore instructed this Court to consider intervening plaintiff's remaining arguments. On remand, we affirm.

Because we explained the facts and procedural history and articulated the appropriate standard of review in our previous opinion, we do not do so again here. The sole issue we must consider and decide on remand is the applicability of any exceptions, other than the traveling employee exception, to the general rule that injuries sustained while going to or coming from work are not compensable under the Worker's Disability Compensation Act (WDCA), MCL 418.101 *et seq.* The magistrate found that none of the exceptions to the general rule applied, and the WCAC affirmed.

Injuries sustained by an employee while going to or coming from work generally are not compensable under the WDCA. *Collier v J A Fredman, Inc*, 183 Mich App

156, 160; 454 NW2d 183 (1990). However, exceptions to the general rule exist where

> "(1) the employee is on a special mission for the employer, (2) the employer derives a special benefit from the employee's activity at the time of the injury, (3) the employer paid for or furnished employee transportation as part of the employment contract, (4) the travel comprised a dual purpose combining employment-related business needs with the personal activity of the employee, (5) the employment subjected the employee to excessive exposure to traffic risks, or (6) the travel took place as a result of a split-shift working schedule or employment requiring a similar irregular nonfixed working schedule." [*Collier, supra* at 160, quoting *Thomas v Staff Builders Health Care,* 168 Mich App 127, 129; 424 NW2d 13 (1988).]

Injuries that occur under the above circumstances are compensable because there is a sufficient nexus between the employment and the injury such that the injury was a circumstance of the employment. *Stark v L E Meyers Co,* 58 Mich App 439, 443; 228 NW2d 411 (1973).

Exceptions 1 and 6 are not at issue in this case. There is no evidence that plaintiff was "on a special mission" for his employer at the time he sustained his injuries, and intervening plaintiff does not argue that plaintiff's travel took place because of a "split-shift" or "irregular nonfixed working schedule."

Exception 2 concerns whether the employer derives a special benefit from the employee's activity at the time of the injury. At the time of his injury, plaintiff was driving from work to his temporary home. Generally speaking, an employer receives no special benefit merely from an employee's travel to or from work. *Id.* at 443-444. "If any benefits were so derived, it was not a special benefit to the employer but a benefit common to all employers." *Id.* at 444. There are no circumstances

in this case that would preclude the application of this general rule; therefore, plaintiff's employer did not derive any special benefit as a result of plaintiff's commuting from work to his temporary home.

Exception 3 concerns whether the employer paid for or furnished the employee with transportation as part of the employment contract. In this case, plaintiff's employer did not provide plaintiff with transportation. Rather, plaintiff drove his own truck, which was equipped with materials necessary for plaintiff to perform his job. However, the employer paid plaintiff for the use of the truck and the equipment. Payment was not a part of plaintiff's employment contract, but was provided for in a separate "rig rental" lease agreement with plaintiff, which only pertained to the use of the rig while plaintiff was on the job. As part of the "rig rental" lease agreement, plaintiff's employer provided plaintiff with a credit card to use for the purchase of gasoline, including gasoline purchases for plaintiff's personal trips. The income plaintiff earned from the "rig rental" lease agreement was reported for tax purposes as separate business income, as opposed to income that plaintiff earned from his employment. Under these circumstances, although plaintiff's employer arguably "paid for" plaintiff's transportation, the payment was the result of a separate agreement between plaintiff and his employer and was not part of the employment contract. Therefore, this exception does not apply.

Exception 4 concerns whether the travel comprised a dual purpose combining employment-related business needs with the personal activity of the employee. At the time of his injuries, plaintiff was driving to his temporary home from work, and there is no evidence that plaintiff's commute was for any "employment-related

business needs[.]" Therefore, plaintiff's commute did not have a dual purpose under exception 4.

Exception 5 concerns whether the employment subjected the employee to excessive exposure to traffic risks. At the time of his injury, plaintiff's workday was completed and he was driving on a public road to his temporary lodging. All travel entails certain risks, and there was no evidence that plaintiff's route from his work to his temporary lodging exposed him to excessive risk not borne by travelers in general. Therefore, plaintiff was not "subjected to a peril in the street different in kind from that of any other user of the street[.]" See *Dent v Ford Motor Co*, 275 Mich 39, 41; 265 NW 518 (1936).

In sum, we find that the WCAC did not err in finding that none of the exceptions to the general rule precluding the granting of workers' compensation benefits for injuries sustained by an employee while the employee is traveling to or from work applied.

Affirmed.

COOPER, P.J. I concur in the result only.