# STATE OF MICHIGAN

# COURT OF APPEALS

WILLIAM R. LITTLE,

        Plaintiff,

and

MERCHANTS PREFERRED INSURANCE
COMPANY,

        Intervening Plaintiff-Appellant,

v

KAPPEN TREE SERVICE, L.L.C., and TRUCK
INSURANCE EXCHANGE,

        Defendants-Appellees.

UNPUBLISHED
December 11, 2014

No. 314346
Michigan Compensation
Appellate Commission
LC No. 11-000010

Before: STEPHENS, P.J., and HOEKSTRA and METER, JJ.

HOEKSTRA, J., *(dissenting)*.

        I respectfully dissent.

        Typically, injuries sustained while an employee travels to and from work are not compensable under the Worker's Disability Compensation Act (WDCA) MCL 418.101 et seq. *Bowman v RL Coolsaet Constr Co*, 275 Mich App 188, 190; 738 NW2d 260 (2007). There are several exceptions to this rule, however, including instances where "the travel comprised a dual purpose combining employment-related business needs with the personal activity of the employee." *Id.*, quoting *Collier v JA Fredman, Inc*, 183 Mich App 156, 160; 454 NW2d 183 (1990). Thus, for example, "[i]f a special trip would have had to be made if the employee had not combined this service with his going or coming trip, then the dual purpose rule applies." *Chambo v Detroit Police Dep't*, 83 Mich App 623, 626; 269 NW2d 243 (1978).

        In this case, among the magistrate's summary of the record, it was noted that equipment used by the company remains overnight at a location known as a "pull out," which the company establishes near its current worksite. On the day of plaintiff's accident, he met another

employee, Andy DeGroat, at the company office in Cass City. According to the magistrate's summary:

> Mr. DeGroat was driving a log truck to the pull-out area which was going to stay there. Plaintiff borrowed a company truck and started the drive. Mr. DeGroat was following him down. *Mr. DeGroat was to get a ride back to the Cass City office at the end of the day with Mr. Little.*

The Michigan Compensation Appellate Commission (MCAC) noted that no one had challenged the accuracy of the magistrate's summary and, finding that it was a "reasonable summation of the record," the MCAC adopted the magistrate's summary as its own.

In other words, it appears undisputed that the MCAC had before it evidence that could support a finding of dual purpose. Namely, there was evidence that plaintiff's use of the company vehicle on the day in question was intended to serve both plaintiff's personal need to drive to the work site and the company's business needs insofar as plaintiff's use of the vehicle facilitated the delivery of the log truck by providing DeGroat a ride home at the end of the day, after DeGroat deposited the log truck at the pull-out location where it would remain. Despite this evidence, the MCAC failed to consider the applicability of the dual purpose rule. For this reason, I would remand the matter to the MCAC for reconsideration of plaintiff's eligibility for worker's compensation benefits, specifically the applicability of the dual purpose rule.

/s/ Joel P. Hoekstra

-2-