# STATE OF MICHIGAN

# COURT OF APPEALS

WILLIAM R. LITTLE,

        Plaintiff,

and

MERCHANTS PREFERRED INSURANCE
COMPANY,

        Intervening Plaintiff-Appellant,

v

KAPPEN TREE SERVICE, L.L.C., and TRUCK
INSURANCE EXCHANGE,

        Defendants-Appellees.

UNPUBLISHED
December 11, 2014

No. 314346
Michigan Compensation
Appellate Commission
LC No. 11-000010

Before: STEPHENS, P.J., and HOEKSTRA and METER, JJ.

PER CURIAM.

In this workers' compensation action, intervening plaintiff Merchants Preferred Insurance Company appeals by leave granted an order of the Michigan Compensation Appellate Commission (MCAC) concluding that plaintiff William R. Little was not acting in the course and scope of his employment when he suffered injuries, and reversing a magistrate's order to the contrary.[1] We affirm.

Merchants argues that the MCAC erred when it concluded that Little was not acting in the course and scope of his employment when he suffered injuries in a motor-vehicle accident on his way to work. Specifically, Merchants contends that Little's actions on the day of his injuries fell within three exceptions to general rule relied upon by the MCAC. First, Merchants argues that Little was on a special mission for defendant Kappen Tree Service, L.L.C., at the time of his

---

[1] The magistrate concluded that Merchants was entitled to reimbursement for benefits paid to Little from defendants.

-1-

injuries. Second, Merchants argues that Kappen Tree derived a special benefit from Little's activity at the time of the injuries. Third, Merchants argues that Little's actions comprised a dual purpose combining employment-required business with his personal activity. We disagree.

"Review by the Court of Appeals and [the Michigan Supreme] Court begins with the [MCAC's] decision, not the magistrate's." *Mudel v Great Atlantic & Pacific Tea Co*, 462 Mich 691, 709; 614 NW2d 607 (2000). Findings of fact made by the MCAC, acting within its powers and in the absence of fraud, are considered conclusive. *Id*. at 710, citing MCL 418.861a(14). "This Court reviews questions of law involved in any final order of the [MCAC] under a de novo standard of review." *DiBenedetto v West Shore Hosp*, 461 Mich 394, 401; 605 NW2d 300 (2000).

Generally, injuries that take place while an employee is traveling to and from work are not compensable under the Michigan Workers' Compensation Act. *Bowman v RL Coolsaet Construction Company*, 275 Mich App 188, 190; 738 NW2d 260 (2007). However, exceptions to the general rule exist where:

> (1) the employee is on a special mission for the employer, (2) the employer derives a special benefit from the employee's activity at the time of the injury, (3) the employer paid for or furnished transportation as part of the employment contract, (4) the travel comprised a dual purpose combining employment-related business needs with the personal activity of the employee, (5) the employment subjected the employee to excessive exposure to traffic risks, or (6) the travel took place as a result of a split-shift working schedule or employment requiring a similar irregular nonfixed working schedule. [*Id*. at 191 (internal citations and quotation marks omitted).]

Regarding the first exception to the general rule, a special mission for the employer, there is simply no evidence that Little was on a special mission on the day in question; indeed, he did not face circumstances different from his normal commute to work on the morning of his accident. Although Little was allowed to drive a company truck to the job site on the day of the accident, this was done as a favor to Little, so that he would not have to miss work that day, rather than as a special instruction issued by Kappen Tree management. Merchants cites *LeVasseur v Allen Elec Co*, 338 Mich 121; 61 NW2d 93 (1953), to support the assertion that Little was on a special mission because he planned to give his coworker, Andy DeGroat, a ride back to Cass City (where they had met in order to caravan to the job site) after the day's work and after DeGroat dropped off a log truck at the site. However, *LeVasseur* involved a special mission because the employer directed an employee to travel from home to perform work at a local school and, unlike in this case, the employee was to be compensated for his travel time. *Id*. at 123. In the present case, had Little's personal vehicle been available on the day in question, he would have driven it, uncompensated, on his normal commute to work, and he never did give DeGroat the ride in question because he incurred the accident. Further, Merchants presents no evidence that there was any special inconvenience or hazard suffered by Little during the commute. See, e.g., *Camburn v Northwest School Dist*, 459 Mich 471, 479; 592 NW2d 46 (1999). Accordingly, Little was not on a special mission at the time of his injuries.

Regarding the exception for an employer's special benefit derived from an employee's activity at the time of his injury, the general rule is that "an employer receives no special benefit merely from an employee's travel to or from work." *Bowman*, 275 Mich App at 191. To fall under this exception, the special benefit must truly be unique, not "a benefit common to all employers." *Id*. at 191 (internal citation and quotation marks omitted). Merchants has failed to demonstrate any special benefit derived from Little's travel on the day of the accident. While it is true that Little was the only Kappen Tree employee capable of operating a particular crane, which allowed Kappen Tree to charge more for its services, that special benefit was enjoyed once Little arrived at work, not during his commute. If Little's special skill in operating the crane was sufficient to bring all of his travels within the special-benefit exception, the general rule would be rendered meaningless; any employee with a special or unique skill would be compensated for all travel to and from work that resulted in an injury. Kappen Tree enjoyed a benefit from Little coming to work on the day of the accident, but that benefit was a benefit common to all employers. Merchants cites *Nemeth v Michigan Building Components*, 390 Mich 734; 213 NW2d 144 (1973), to support the assertion that because Little was using company property at the time of the accident, his injury was compensable in that it fostered goodwill in the company. *Nemeth* involved an employee staying at a work site after hours, using company machinery to do some personal work for a fellow employee. *Id*. at 735. The Court emphasized that the injury occurred on the employer's premises. *Id*. at 738. In the present case, Little was simply using the company truck as a substitute for his own vehicle during a normal commute and the injury did not occur on the employer's premises; we thus find *Nemeth* distinguishable.

The dual-purpose exception is related somewhat to the special-benefit exception. The dual-purpose exception involves a benefit to the employer and applies in the context of employee use of a company vehicle where an employee acts under the general acceptance of the employer that company vehicles "would be used from time for time for personal purposes . . . ." *Thomas v Certified Refrigeration, Inc*, 392 Mich 623, 630; 221 NW2d 378 (1974). Even if an employee is acting in a way that might further his or her own interest at the time of the injury, if that activity also furthers some service for the employer, the injury can be covered under this exception. *Id*. at 630-631. Courts must balance the personal nature of the activity against the "clarity of authorization and effect of the activity on the employment relationship or the interests of the employer." *Id*. at 635.

Although Little was driving a company truck to work at the time of his injury, the trip was personal in nature because of the context in which Kappen Tree employees are expected to travel to and from work. Little was generally responsible, like all Kappen Tree employees, for providing his own transportation to and from work. Although he had borrowed a company truck approximately 12 times in his five years of employment, the activity of traveling to work was personal; Kappen Tree did not derive any benefit from Little until he arrived at the work site. In *Bowman*, this Court found that the activity of traveling home from work did not contain any business purpose, so the dual-purpose exception was not met. *Bowman*, 275 Mich App at 192-193. Kappen Tree did not direct Little to make any business-related stops or detours as part of his travel in the company truck; he was merely allowed to use the truck for the personal purpose of getting to work. He was not paid for his travel time, nor was he reimbursed for mileage. Although he had been planning to give a coworker a ride back to Cass City at the end of the day, he would have done this in his own vehicle had it been available, and, further, he did not actually provide this ride because of the accident on his way to work.

-3-

Merchants argues that Kappen Tree derived a benefit from Little's activity because the truck had a company logo on its side.  However, although the Court in *Thomas* did recognize that a company advertisement on a vehicle could serve a business purpose, it found that that purpose was served when the employee was allowed to take the vehicle home, displaying the advertisement there.  *Thomas*, 392 Mich at 630.  Little was expressly not permitted to take the company vehicle home; he was only permitted to pick it up at the Cass City headquarters and to return it at the end of the work day.  We find *Thomas* sufficiently distinguishable; Little's use of the company truck did not constitute a "dual purpose."

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Patrick M. Meter