*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHAEL ADAMS,

        Plaintiff,

and

SELECTIVE WAY INSURANCE COMPANY,

        Intervening Plaintiff-Appellant,

v

AMCOMM TELECOMMUNICATIONS INC.,

        Defendant-Appellee.

UNPUBLISHED
April 9, 2020

No. 346502
MCAC
LC No. 16-000063

Before: CAVANAGH, P.J., and BECKERING and GLEICHER, JJ.

PER CURIAM.

In this workers' compensation action, intervening plaintiff, Selective Way Insurance Company, appeals by leave granted an order of the Michigan Compensation Appellate Commission (MCAC) concluding that plaintiff, Michael Adams, was not acting in the course and scope of his employment with defendant, Amcomm Telecommunications Inc., when he suffered injuries during an accident while in his employer-owned vehicle. The MCAC affirmed the magistrate's order. We reverse and remand.

Defendant employed Adams as a cable installer. Defendant provided Adams with a van that displayed defendant's logo and phone number. Defendant assigned Adams to cable installation job sites daily and allowed Adams to drive the van to work, including driving from home to defendant's warehouse for equipment and driving to installation job sites. Defendant paid Adams an hourly wage that did not include travel time to and from the warehouse or to and from job sites at the beginning or the end of the work day. Instead, Adams clocked in using a remote timeclock application when he arrived at the warehouse or at the job site each morning. Defendant additionally paid Adams for each installation he performed.

On July 22, 2014, Adams was taking a scheduled, unpaid vacation day from work. That morning, his supervisor called and told Adams that there was installation work available for Adams to perform that day. The supervisor informed Adams that before Adams performed any more installation jobs, Adams would have to go to the warehouse to reconcile the cable equipment that was in the van. Adams agreed to come to the warehouse to reconcile the equipment and then perform the installation work. Adams started driving the van from his home to defendant's warehouse. At about 9:15 a.m., while Adams was driving to the warehouse, a car struck the driver's side of the van, causing the van to roll onto its side. Adams had not clocked in before the accident because he had not yet arrived at the warehouse.

After Adams sought workers' compensation benefits, a magistrate held a trial to determine whether Adams was acting in the course of his employment at the time of the accident. The magistrate opined that Adams's claim was barred by the coming and going rule, which precludes workers' compensation recovery when an employee is injured while going to or coming from work. The magistrate concluded that no exception to the rule applied in Adams's case. Intervening plaintiff filed a claim of appeal with the MCAC, asserting that the magistrate had erred in its application of the law regarding whether Adams was injured in the course and scope of his employment. After analyzing Adams's claim under *Forgach v George Koch & Sons Co*, 167 Mich App 50, 58; 421 NW2d 568 (1988), the MCAC affirmed the magistrate's decision. This appeal followed.

Intervening plaintiff argues that the MCAC erred in concluding that Adams was not acting within the course and scope of his employment at the time of his injury. We agree.

Our review begins with the MCAC's decision, not the magistrate's decision. *Mudel v Great Atlantic & Pacific Tea Co*, 462 Mich 691, 709; 614 NW2d 607 (2000). We review de novo questions of law involved in the MCAC's final decision. *DiBenedetto v West Shore Hosp*, 461 Mich 394, 401; 605 NW2d 300 (2000). In this case, intervening plaintiff challenges only the application of the law, not any findings of fact.

Under the Worker's Disability Compensation Act (WDCA), MCL 418.101 *et seq*., "[a]n employee, who receives a personal injury arising out of and in the course of employment by an employer who is subject to this act at the time of the injury, shall be paid compensation as provided in this act." MCL 418.301(1). "An employee going to or from his or her work, while on the premises where the employee's work is to be performed, and within a reasonable time before and after his or her working hours, is presumed to be in the course of his or her employment." MCL 418.301(3). However, "[i]njuries sustained by an employee while going to or coming from work generally are not compensable under the WDCA." *Bowman v RL Coolsaet Constr Co*, 275 Mich App 188, 190; 738 NW2d 260 (2007).

Exceptions to this general principle exist when there is "a sufficient nexus between the employment and the injury such that the injury was a circumstance of the employment." *Id*. at 191. These exceptions exist where

> (1) the employee is on a special mission for the employer, (2) the employer derives a special benefit from the employee's activity at the time of the injury, (3) the employer paid for or furnished employee transportation as part of the employment

contract, (4) the travel comprised a dual purpose combining employment-related business needs with the personal activity of the employee, (5) the employment subjected the employee to excessive exposure to traffic risks, or (6) the travel took place as a result of a split-shift working schedule or employment requiring a similar irregular nonfixed working schedule. [*Id*. (quotation marks and citation omitted).]

Intervening plaintiff is correct that the MCAC analyzed Adams's case under the wrong legal framework. The MCAC analyzed Adams's claim under *Forgach*, 167 Mich App at 58, which does not provide the proper legal framework to resolve whether an injury occurred during the course of employment because it treats the exceptions to the coming and going rule as "factors."

As this Court recently explained in *Smith v Chrysler Group, LLC*, ___ Mich App ___; ___ NW2d ___ (2020) (Docket No. 339705), the six exceptions set forth in *Bowman* are independent exceptions and each exception should be examined individually on its own merit. *Id*.; slip op at 5; see also *Bowman*, 275 Mich App at 191-193. And in this case, the MCAC erred by holding that Adams did not meet any exceptions to the coming and going rule. Adams met the third *Bowman* exception because defendant furnished Adams with transportation as part of his employment.

In its opinion, the MCAC stated that, "it is beyond dispute that the employer in this case owned the truck that plaintiff was driving." The MCAC stated that the employer paid all costs related to owning and operating the truck, and "[c]learly this factor suggests that the accident is work related." This conclusion was supported by Adams's testimony that he drove an employer-owned vehicle to and from work every day. Additionally, there is no indication that defendant furnished Adams with a vehicle as part of a separate agreement. Rather, Adams was permitted to drive an employer-owned vehicle to and from work and jobs every day and was attempting to fulfill his work-related obligation of driving to defendant's warehouse to reconcile his equipment before a job at the time of the accident. The MCAC determined that although the employer furnished transportation, it was required to consider all four *Forgach* factors before deciding the issue. However, as discussed above, the exceptions to the travel to and from work rule are exceptions, not factors. Adams met the exception to the coming and going rule concerning employer-provided transportation. The MCAC erred by determining that Adams was not acting in the scope of employment when he met one of the exceptions to the coming and going rule.

Because we conclude that Adams met this exception to the coming and going rule, we decline to analyze intervening plaintiff's additional arguments that even if Adams's case is analyzed in terms of factors, those factors weighed in his favor.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Jane M. Beckering
/s/ Elizabeth L. Gleicher