*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MAX DITMORE,

      Plaintiff-Appellant,

v

MAJOR CEMENT COMPANY,

      Defendant/Cross-Plaintiff-Appellee,

and

IMPERIAL CONSTRUCTION COMPANY,

      Defendant-Appellee,

and

IMPERIAL PROPERTIES MANAGEMENT, LLC,

      Defendant/Cross-Defendant-Appellee,

and

JAMES PHILLIPS, JR.,

      Defendant.

UNPUBLISHED
January 5, 2023

No. 357220
Wayne Circuit Court
LC No. 19-008366-NI

Before: M. J. KELLY, P.J., and MURRAY and RIORDAN, JJ.

PER CURIAM.

      Plaintiff Max Ditmore appeals as of right, challenging the trial court's opinion and order granting summary disposition in favor of defendants Major Cement Company ("Major Cement"), Imperial Construction Company ("Imperial Construction"), and Imperial Properties Management,

-1-

LLC ("Imperial Properties"), pursuant to MCR 2.116(C)(10) (no genuine issue of material fact).[1] Plaintiff challenges the trial court's dismissal of his premises liability claims against all three defendants, and the dismissal of his claim to hold Major Cement vicariously liable for the alleged negligence of its employee, James Phillips, Jr. We affirm the trial court's dismissal of the vicarious liability claim against Major Cement, but reverse the trial court's dismissal of the premises liability claims against all three defendants and remand to that court for further proceedings on those claims.

## I. FACTS

This case arises out of an accident in which a vehicle driven by Phillips struck plaintiff from behind while plaintiff was walking on Major Cement's premises. On December 27, 2017, at approximately 7:45 a.m., plaintiff delivered a load of sand to Major Cement's facility on Helen Street in Detroit. Plaintiff backed the truck into the designated location to dump the sand. He had to exit the truck to release the tailgate to dump the load. However, a valve was frozen and would not release to dump the sand. Plaintiff walked across the lot, making sure to watch his step because it was icy, and entered the building to ask a mechanic for help with the valve. After plaintiff spoke with an employee who agreed to come out and help, he went back outside and began to walk across the lot toward his truck. The area which he walked across was covered with ice. While walking back to his truck, plaintiff was struck from behind by a pickup truck driven by Phillips.

Phillips was a Major Cement employee who was arriving to begin work that day, but he had not yet started his shift. Phillips had pulled into the lot at Major Cement's facility and was driving toward the employee parking area. Phillips testified that it was cold and the roads were icy. He testified that he immediately hit his brakes when he saw plaintiff, but he was unable to stop his truck because of the icy driveway. Phillips said that he shifted into park in an attempt to stop the truck, but it kept going and struck plaintiff.

Plaintiff brought this action and asserted a claim against Phillips for negligence and alleged that Major Cement was vicariously liable for Phillips's negligence. Plaintiff also asserted claims against Major Cement, Imperial Construction, and Imperial Properties for premises liability, arguing that the icy conditions on their property caused the accident. The trial court dismissed plaintiff's claims, holding that Major Cement was not vicariously liable for Phillips's actions because Phillips was not acting within the scope of his employment at the time of the accident, and that plaintiff could not establish a claim for premises liability because his injuries resulted from an automobile accident, not a condition of the land.

## II. STANDARD OF REVIEW

A trial court's decision on a motion for summary disposition is reviewed de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). The trial court granted defendants' motions under MCR 2.116(C)(10), which provides that a court may grant summary disposition in

---

[1] To the extent that the opinion and order was not a "final order" appealable as of right for the purposes of MCR 7.203(A)(1), we treat the claim of appeal as an application for leave to appeal and grant it. See MCR 7.205(E)(2).

favor of the moving party when, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." A genuine issue of material fact exists when the evidence presented "leave[s] open an issue upon which reasonable minds might differ." *Debano-Griffin v Lake Co*, 493 Mich 167, 175; 828 NW2d 634 (2013) (quotation marks and citation omitted). Summary disposition is appropriate where the proffered evidence fails to establish a genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. *Maiden*, 461 Mich at 120.

## III. PREMISES LIABILITY

Plaintiff argues that the trial court erred by dismissing his premises liability claims. The trial court ruled that plaintiff could not establish a claim for premises liability because it was undisputed that plaintiff's injuries were caused by an automobile accident, and thus they did not result from a condition of the land. We disagree that plaintiff is precluded from establishing a premises liability claim as a matter of law.

In his complaint, plaintiff alleged that Phillips was unable to maintain control of his vehicle and struck plaintiff as a direct result of the unsafe condition of the icy parking lot, and that Major Cement, Imperial Construction, and Imperial Properties had a duty to maintain the premises in a reasonably safe condition for invitees and knew or should have known that the parking lot was not reasonably safe for invitees. Major Cement, Imperial Construction and Imperial Properties argued that plaintiff's theory of premises liability should be dismissed because the gravamen of plaintiff's complaint asserted a claim for automobile negligence. Defendants correctly assert that courts are not bound by the labels that parties attach to their claims. *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 691; 822 NW2d 254 (2012). Rather, courts determine the gravamen of an action by reading the complaint as a whole, and not relying on procedural labels to determine the exact nature of the claim. *Id.* at 691-692.

A premises liability action arises when a plaintiff's injuries arise from a condition of the land. *James v Albert*, 464 Mich 12, 18-19; 626 NW2d 158 (2001). In *James*, the plaintiff was helping a neighbor dig a trench when he was injured. *Id.* However, the plaintiff claimed that his injuries were not caused by the activity itself, but by a condition of the land when he tripped over a partially buried cable. *Id.* at 13-14, 19. Our Supreme Court held that the gravamen of the plaintiff's claim was premises liability. *Id.* at 18-19.

In *Laier v Kitchen*, 266 Mich App 482, 493; 702 NW2d 199 (2005), this Court held that a plaintiff may bring both a premises liability claim and an ordinary negligence claim if the claims are grounded on independent theories of liability. In that case, the decedent, Rodney Laier, was killed on the defendant's property while assisting the defendant with repairs to a front-end loader of a tractor. *Id.* at 484. During the repair, the bucket on the loader dropped and killed Laier. *Id.* The plaintiff asserted a claim against the defendant for ordinary negligence, claiming that the defendant " 'owed a duty to Rodney to use due care and caution in the operation and control of the bucket.' " *Id.* at 493. The defendant's conduct was an alleged basis for liability that was independent of premises liability. *Id.* This Court further held, however, that the trial court erred by dismissing the plaintiff's separate claim for premises liability. This Court noted that "[i]n addition to the duty owed concerning conduct, plaintiff alleged a duty based on Rodney's status as an invitee, i.e., a duty to protect Rodney from an unreasonable risk of injury known to defendant

-3-

and to warn Rodney about those risks," which supported a claim of premises liability. *Id*. at 497. This Court reversed the trial court's dismissal of the plaintiff's premises liability claim because of the trial court's "erroneous subjective analysis of the open and obvious danger issues." *Id.* at 500. The significance of this Court's decision in *Laier* is that it recognizes that independent claims for ordinary negligence and premises liability may both be brought where each claim is based on an independent theory of liability, one involving an actor's conduct, ordinary negligence, and the other involving a condition of the land, premises liability.

In his first amended complaint, plaintiff alleged that Phillips "had a duty to operate his motor vehicle with due care for others on the premises." Phillips's "conduct was thus an alleged basis of liability, independent of premises liability." *Id.* at 493. Plaintiff further alleged, however, that Major Cement, Imperial Construction, and Imperial Properties had possession and control of the property, and therefore, "had a duty to maintain the premises so that they were reasonably safe for invitees." Plaintiff also alleged that the parking lot was "covered with ice" and that "the condition of the parking lot would render operation of motor vehicles on it unsafe and potentially hazardous to pedestrians[.]" Like the plaintiff in *Laier*, plaintiff brought two claims, each grounded in independent theories of liability, one supporting a claim for ordinary negligence and one supporting a claim for premises liability. See also *Goodwin v Northwest Mich Fair Ass'n*, 325 Mich App 129, 136; 923 NW2d 894 (2018) (explaining that the plaintiff was allowed to proceed at trial on separate claims for "negligence" and premises liability where a child decedent was struck by a truck on the defendant's service drive and the plaintiff's "basic theory of the case was that the service drive was unreasonably dangerous because defendant allowed motor vehicle traffic on a path used by pedestrians and bike riders").

In sum, a plaintiff can maintain a claim for premises liability where the plaintiff suffers injuries in an automobile accident if the premises liability claim is grounded on an independent theory of liability based on a condition of the land. In this case, plaintiff alleged in his complaint that the accident was caused by the icy condition of the parking lot, which rendered the premises unreasonably dangerous, and Phillips testified that he was unable to stop his truck because of the icy driveway. Thus, plaintiff sufficiently alleged a theory of liability based on a condition of the land and established factual support for that theory. Accordingly, the trial court erred by ruling that plaintiff could not bring a premises liability claim because his injuries were the result of an automobile accident. Plaintiff should have been allowed to pursue a premises liability claim in addition to an ordinary negligence claim because the premises liability claim was grounded on an independent theory of liability stemming from a condition of the land, *Laier*, 266 Mich App at 493, and plaintiff demonstrated factual support for this independent theory of liability. Accordingly, we reverse the trial court's dismissal of plaintiff's premises liability claims.

We recognize that there are unresolved issues concerning each defendant's possession and control of the land where the accident occurred and whether the open and obvious doctrine may operate to relieve defendants of liability for any premises liability claim. Because these issues were not addressed or decided by the trial court, we do not address them here. See *Wallad v Access BIDCO, Inc*, 236 Mich App 303, 308; 600 NW2d 664 (1999). Rather, we remand to the trial court for further proceedings on the premises liability claims consistent with this opinion.

## IV. VICARIOUS LIABILITY

-4-

Plaintiff argues that the trial court erred by dismissing his vicarious liability claim. Plaintiff argues that Major Cement should be vicariously liable for Phillips's negligence because Phillips was Major Cement's employee and the accident occurred while Phillips was on Major Cement's property. We disagree.

Michigan courts have imposed liability on employers for the wrongful acts of their employees, reasoning that while an employee is performing a duty within the scope of his employment and for the benefit of his employer, the employer should be held responsible for the employee's actions. *Rogers v J B Hunt Transp, Inc*, 466 Mich 645, 651; 649 NW2d 23 (2002). However, Michigan courts do not impose vicarious liability "for acts committed by its employees outside the scope of employment, because the employee is not acting for the employer or under the employer's control." *Id.* Accordingly, "the rationales that support the imposition of vicarious liability on a master also support limiting such liability to conduct that occurs within the scope of employment." *Id.* at 652.

In *Hamed v Wayne Co*, 490 Mich 1, 10-11; 803 NW2d 237 (2011), our Supreme Court discussed an employer's vicarious liability for an employee's conduct, explaining:

> The doctrine of respondeat superior is well established in this state: An employer is generally liable for the torts its employees commit within the scope of their employment. It follows that an employer is not liable for the torts committed by an employee when those torts are beyond the scope of the employer's business. This Court has defined within the scope of employment to mean engaged in the service of his master, or while about his master's business. Independent action, intended solely to further the employee's individual interests, cannot be fairly characterized as falling within the scope of employment. Although an act may be contrary to an employer's instructions, liability will nonetheless attach if the employee accomplished the act in furtherance, or the interest, of the employer's business. [Quotation marks, citations, and alteration omitted.]

Whether an employee was acting within the scope of his or her employment is generally for the trier of fact to determine, but may be decided as a matter of law when it is clear that the employee was acting to accomplish some purpose of his or her own. *Bryant v Brannen*, 180 Mich App 87, 98; 446 NW2d 847 (1989).

The general rule of law is that, in ordinary cases, injuries sustained by employees going to and coming from work are not incurred within the course of employment because an employer does not receive any special benefit from an employee's travel to or from work. See *Bush v Parmenter, Forsythe, Rude & Dethmers*, 413 Mich 444, 451-452; 320 NW2d 858 (1982); *Bowman v R L Coolsaet Constr Co*, 275 Mich App 188, 191; 738 NW2d 260 (2007). We see no reason to deviate from this general rule in this case and therefore conclude that Major Cement was not vicariously liable for Phillips's alleged negligence because Phillips was merely going to work that morning when the accident occurred.

Plaintiff argues that this is not an ordinary case because Phillips had already arrived at his employer's premises when the accident occurred. Plaintiff argues that this Court should rely on the rationale in MCL 418.301(3) to expand Major Cement's vicarious liability in this instance,

given that Phillips was on his employer's property when the accident occurred. This statute provides:

> An employee going to or from his or her work, while on the premises where the employee's work is to be performed, and within a reasonable time before and after his or her working hours, is presumed to be in the course of his or her employment.

MCL 418.301(3) is part of the Worker's Disability Compensation Act ("WDCA"), MCL 418.101 *et seq.*, which is not applicable here because this case does not involve an employee seeking compensation from an employer for work-related injuries. Nonetheless, plaintiff argues that the rationale in MCL 418.301(3) has been applied in other cases. Plaintiff cites *Hills v Blair*, 182 Mich 20; 148 NW 243 (1914), and *Geibig v Ann Arbor Asphalt Constr Co*, 238 Mich 560, 562; 214 NW 90 (1927). Although those cases were decided before MCL 418.301 was enacted and involved employees who were injured while they were on their employer's premises before or after working hours, they were decided in the context of worker's compensation law and our Supreme Court, considering the purpose of the law to promote and maintain a safe working environment for employees, was unwilling to apply an absolute rule limiting an employer's liability to the period of time when an employee's service at the employer's workplace actually begins and ends. This case, however, does not involve an employee's injuries at a workplace. As neither *Hills* nor *Geibig* involve an employer's vicarious liability for injuries caused by an employee to a third party, those cases do not support plaintiff's argument.

Plaintiff's reliance on cases applying worker's compensation law also is misplaced. This Court discussed the purpose of the WDCA in *Herbolsheimer v SMS Holding Co*, 239 Mich App 236, 240; 608 NW2d 487 (2000), stating:

> The WDCA substitutes statutory compensation for common-law tort liability founded upon an employer's negligence in failing to maintain a safe working environment. Under the WDCA, employers provide compensation to employees for injuries suffered in the course of employment, regardless of fault. In return for this almost automatic liability, employees are limited in the amount of compensation they may collect from their employer, and, except in limited circumstances, may not bring a tort action against the employer. [Quotation marks and citations omitted.]

In a worker's compensation case, holding an employer responsible for injuries incurred on its premises while an employee is coming and going from work furthers the purpose of the WDCA to encourage an employer to keep the working environment safe for its employees. See *id*. Conversely, holding Major Cement *vicariously* liable for Phillips's negligence simply because Phillips had entered Major Cement's premises in preparation to begin his work for the day does not further the rationale behind holding employers vicariously liable for its employees' conduct because Major Cement did not have the power or ability to control Phillips's actions at the time the incident occurred. See *Laster v Henry Ford Health Systems*, 316 Mich App 726, 735; 892 NW2d 442 (2016) (noting that "it is the power or ability of the principal to control the agent that justifies the imposition of vicarious liability" and that "it is this absence of control that explains why an employer is generally not liable for the actions of an independent contractor"). Further,

-6-

Major Cement was not receiving any special benefit from Phillips's travelling onto its property as, at the time of the incident, Phillips was not acting in furtherance of Major Cement's business interests. *Bush*, 413 Mich at 444; *Bowman*, 275 Mich App at 191. Additionally, plaintiff does not explain how the general rule that an employer does not receive any special benefit from an employee's travels to or from work would not apply here, simply because Phillips had entered Major Cement's property before beginning work. *Bush*, 413 Mich at 451-452. Thus, plaintiff offers no rationale for an extension of the WDCA to the matter before us. Accordingly, the trial court did not err by holding that Major Cement was not vicariously liable for Phillips's alleged negligence.

## V. CONCLUSION

Affirmed in part, reversed in part, and remanded to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Christopher M. Murray
/s/ Michael J. Riordan